## Longbine *versus* Piper.

1. By the Act of April 26th 1850, § 4 (Ejectment), one who has acquired the plaintiff's title after ejectment brought, may pursue the action to verdict and judgment; but is not bound to pursue the same ejectment.
2. One so acquiring the title cannot oust the plaintiff on the record against his will.
3. The Act of April 26th 1850, § 4, construed.

January 18th 1872. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ. WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Montgomery county*: Of January Term 1872, No. 154.

On the 3d of April 1869 Charles A. Longbine brought an action of ejectment against Henry A. Piper for a grist-mill and tract of land. Arbitrators, under a compulsory rule, on the 8th of July 1869, awarded in favor of the plaintiff. The defendant appealed from the award July 19th.

On the 27th of February 1871 John G. Johnson filed a petition

[Longbine v. Piper.]

in the case, setting forth that on the 29th of March 1869 William W. Piper was seised of the real estate for which this action of ejectment was instituted, and the premises were then subject to the lien of a judgment for $1591, entered April 3d 1868, in favor of William Miller against said W. W. Piper; that on the said 29th of March W. W. Piper conveyed the premises to Charles A. Longbine; that an execution was issued on Miller's judgment against Piper; the premises sold by the sheriff to Johnson the petitioner, and the sheriff's deed acknowledged December 12th 1870. The prayer of the petition was, that Johnson might be substituted as plaintiff in the ejectment in the place of Longbine.

On the day the petition was presented, the court granted a rule to show cause why its prayer should not be granted; returnable March 3d 1871. The record does not show that Longbine had any notice of the petition or rule. The rule was argued March 10th, and on the 13th the court (Ross, J.) made it absolute.

On the 16th of October 1871 B. M. Boyer, Esq., counsel of Longbine, moved the court to strike off the name of Johnson as plaintiff and reinstate Longbine, alleging as reason that Longbine had received no notice of Johnson's petition, or the rule to show cause. The motion was overruled.

Longbine took out a writ of error, and assigned for error, the substitution of Johnson's name as plaintiff in place of his own.

*B. M. Boyer*, for plaintiff in error, referred to Act of April 26th 1850, sect. 4, Pamph. L. 591, 1 Bright. Purd. 534, pl. 13, which enacts that "where the title of a plaintiff in ejectment to lands may have been changed by sale or assignment after action brought, the suit shall not be affected thereby; but the purchaser or assignee may prosecute said action, and the verdict and judgment in said action shall enure to him in the same manner that they would have enured to the said plaintiff if no sale or assignment had taken place; and the purchaser of the real estate may be substituted on record by a motion in open court." The plaintiff might recover notwithstanding his title had been ended: Mitchell v. Freedley, 10 Barr 198; Drexel v. Man, 2 Id. 271; McCulloch v. Cowher, 5 W. & S. 427.

*J. G. Johnson* and *J. Boyd*, for defendant in error.—The Act of 1850 is remedial: Dwarris on Statutes 73, and must be liberally construed, Id. 231; Dillon v. Dougherty, 2 Grant 100. Having obtained his title through a judicial sale, Johnson was entitled to be substituted: Alden v. Grove, 6 Harris 377.

The opinion of the court was delivered, January 29th 1872, by

Agnew, J.—The true question in this case is not upon the right of John G. Johnston to be substituted as plaintiff in the action of eject-

[Longbine *v.* Piper.]

ment under the provisions of the Act of 26th April 1850, in order to prevent the action from lapsing by a change of the plaintiff's title ; but it is whether Mr. Johnston can claim this right of substitution against the plaintiff adversely, and contrary to his will.   The Act of 1850 is undoubtedly remedial, and to enable one who has acquired the plaintiff's title after ejectment brought, to pursue the action to verdict and judgment, and reap the fruits of the recovery. This it had been held before the passage of the act he could not do : McCulloch *v.* Cowher, 5 W. & S. 427.   The words of the Act of 1850 are therefore not mandatory but permissive only. " The writ shall not be affected thereby (to wit, by the change of title), but the purchaser or assignee *may* prosecute said action." But he is not bound to prosecute the suit brought by the former owner ; he may sue out his own writ to recover the premises, and for this may have good reasons.   But when he asks to oust the plaintiff from his action and compel him to retire from his suit, a very different question arises.   The plaintiff may have rights as he believes, which entitle him to prosecute his action to a termination for his own benefit.   He may deny wholly the divestiture of title claimed by the person alleging himself to be the purchaser, and entitled to substitution.   For instance, in the present case Longbine's title was not sold at sheriff's sale, but the title of W. W. Piper, his grantor.   Now what is there to prevent Longbine from denying the effect of the sale as a transfer of his title ? He may be able to show that the land was not, at the time of sale to him, subject to the lien of the judgment, or that it had been released or discharged therefrom, or that he has some other defence good in equity or law.   It is no answer to this to say the fact or facts alleged by him are not true, and this has been found by the court ; for the effect of such a position is to deny to him his constitutional right of trial by jury, and to make the court alone the tribunal to determine the facts.   The power to award an issue to determine the truth of his allegations does not mend the matter, for this power is discretionary.

By the 11th section of the 9th article of the Constitution, all courts shall be open, and every man for injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay.   The remedy is parcel of the right ; and laws, therefore, that so change the nature and extent of existing remedies, as materially to impair the right, are a violation of the right: Green *v.* Biddle, 8 Wheat. 17 ; Bronson *v.* Kinzie, 1 Howard 317. Nor does the prosecution of the plaintiff's action prevent the purchaser or assignee from bringing his own action and prosecuting it to verdict or judgment.   He is, therefore, not denied his remedy.   Now surely we are not to interpret the Act of 1850, so as to make it an instrument of injustice, and to enable a party claiming

[Longbine *v.* Piper.]

title adversely to the plaintiff in the action to supplant him *nolens volens.* But it is said that the prosecution of the action may be necessary to the rights of the purchaser to prevent injustice, such as the loss of his title by the running of the Statute of Limitations, and the plaintiff may collude with the defendant to let the bar of the statute be completed, or may discontinue, or suffer the action to fail intentionally. No such element is shown to exist in this case, and when a case shall arise possessing such a feature, doubtless the court may make such rules and orders in the case, by virtue of the equity of the Act of 1850, as will prevent the plaintiff from sacrificing the rights of the purchaser, and will enable the latter to take part in the trial, by furnishing the requisite evidence to prevent a failure of justice. In this case, though a rule to show cause was granted on the petition of Mr. Johnson, to be substituted, it does not appear by the record that notice of the petition or rule was given to Longbine, and it is asserted by the plaintiff that no notice was given to him. This is not denied in the paper-book of the defendant in error. Upon the whole case we think the court erred in making the substitution without the assent of the plaintiff expressed or implied. The order of the court of March 13th 1871, making the rule on Johnson's petition absolute, is therefore reversed, the substitution set aside, and Charles A. Longbine reinstated as the legal plaintiff in the record, and a *procedendo* awarded.