JOHN MEALY, SR., ET AL. v. AMELIA LIPP ET AL.

Application No. 1515.—Decided October 7, 1897.

**Outstanding Title—Conveyance Pending Suit.**

Where defendants rely upon a deed from plaintiffs to show an outstanding title,. it must appear from the record, in order to sustain such defense, that the conveyance was made before the institution of the suit. (P. 183.)

APPLICATION for writ of error to the Court of Civil Appeals for the Fourth District, in an appeal from Galveston County.

Defendants in error, who were plaintiffs in the trial court, recovered a half interest in the property in controversy, as heirs of Wilhelmina Lipp, wife of Henry Lipp, who survived her, but subsequently died, leaving a will under which his executor, Wren, sold the property to defendant, Mealy. This conveyance was held to pass the title to the half interest of Henry Lipp in the lot, which was community property, but not the interest of the deceased mother, which had descended to the heirs. Defendants, however, relied upon the following conveyance by two of the three heirs as creating an outstanding title in Buetell which should defeat a recovery of any interest except the one-third of the mother's half claimed by Paul Lipp, a minor who did not join in that instrument:

"The State of Texas, County of Galveston. This agreement witnesseth that the undersigned have this day employed A. B. Buetell, of Galveston, Texas, an attorney, to enter and prosecute suit in the District Court of Galveston County, Texas, in order to recover from John Mealy, and all other adverse claimants, the title and possession óf that certain lot of land known and designated on the map and plan of the Galveston City Company as lot numbered nine (9) in block numbered one hundred and eighty-nine (189), together with improvements thereon, situated in the city and county of Galveston, State of Texas; and in lieu of fee for his services in this behalf rendered and to be rendered we do hereby bargain, grant, sell, and convey unto the said A. B. Buetell, his heirs and assigns, an undivided one-third interest in and to said lot of land and its improvements. Witness our hands this 15th day of August, 1894. William C. Lipp. Amelia Lipp."

*James B.* and *Charles J. Stubbs*, for plaintiffs in error. (From petition for writ of error.)—1. The court erred in its third conclusion of law in holding as follows:

"We do not think that the instrument copied in our conclusion of fact shows an outstanding title to any of the property in controversy. It simply showed a contract by which A. B. Buetell would have an interest in the property for his fee as an attorney, upon prosecuting the suit to a successful termination. However, if it should be conceded that the effect of the instrument was to vest title in Buetell it would constitute him a tenant in common with the plaintiffs, and, upon the principle that one co-tenant can recover the interest of his co-tenants as well as his own (Pilcher v. Kirk, 60 Texas, 162), it would not avail appellants as an outstanding title."

The two points were, we submit with deference, incorrectly decided, because the contract or deed granting A. B. Buetell an interest in the property, vested title in him. It was not a mere agreement to convey. The word "grant" and others were operative words of conveyance. Harlowe v. Hudgins, 84 Texas, 111; Alford v. Alford, 1 Texas Civ. App., 245.

And if the instrument did vest title in Buetell, and he thereby became a tenant in common with the plaintiffs, the principle that one co-tenant can recover the interest of his co-tenants as well as his own and that this deed could not avail appellants as an outstanding title does not apply in this case, because, while one tenant in common can recover, in trespass to try title, the entire amount sued for against a mere trespasser, such plaintiff when a defendant establishes title to a part interest is not entitled as against the defendant to recover for other tenants in common not parties. Boone v. Knox, 80 Texas, 642; Bennett v. Land Co., 1 Texas Civ. App., 324.

The authorities referred to by the court were suits against a wrongdoer, or trespasser and not against a co-tenant, and they are inapplicable. This will appear from Contreras v. Haynes, 61 Texas, 106; Sowers v. Peterson, 59 Texas, 217.

In the case at bar the only tenant in common was the minor, Paul Lipp, as Buetell who had acquired the entire interest of the other heirs, was not a plaintiff; and as Mealy was in possession and not a wrongdoer or trespasser, but a co-tenant, Paul Lipp could recover only whatever interest he had and no more. Buetell was not a party to the suit and he held whatever title the other Lipp heirs formerly had.

2. This court erred in holding that the superior outstanding title in Buetell was not a good defense pro tanto. Styles v. Gray, 10 Texas, 504; Hughes v. Lane, 6 Texas, 289.

GAINES, CHIEF JUSTICE.—In passing upon the application in this case, we have not found it necessary either to determine the question whether the instrument executed by William C. Lipp and Amelia Lipp was a present conveyance of a third interest in the lot in controversy, or a mere contract to convey, or to decide whether, if the latter, the plaintiffs should have recovered a half interest in the property. In our view of the matter, in order to have raised these questions the record

should have shown that the instrument was executed before the suit was brought. A conveyance pendente lite does not affect the result of the suit when the grantee is not made a party either by amendment or intervention. The record does not show the time when this suit was instituted. The plaintiffs filed two amended original petitions, and the case was tried upon the second of these. Neither the original petition nor the first amended petition appears in the transcript. The second amended petition discloses when the first was filed, but does not show the date of the filing of the original. In order to have availed themselves of the questions growing out of the alleged outstanding title, the appellants in the Court of Civil Appeals (the applicants here) should have made it appear from the transcript that the instrument in question was executed before the institution of this suit. This they have not done. We find no error in the record, and the application is therefore refused.

*Writ of error refused.*