## W. V. CLARK v. MRS. M. E. ENGLISH ET AL.

### Decided June 29, 1904.

**Administration—Notice—Year's Support of Widow.**

Where the widow of deceased had no notice of the pendency of administration of her husband's estate until it had been sold and the proceeds expended to meet a debt owed by deceased to the administrator and to defray expenses of administration, she could recover of the administrator the sum for which the property sold in satisfaction of her allowance for a year's support.

Appeal from the District Court of Houston. Tried below before Hon. John Young Gooch.

*Moore & Newman,* for appellant.

No briefs for appellees.

GILL, ASSOCIATE JUSTICE.—On the —— day of ———, 18—, G. T. English died. He was at the time of his death the owner of 180 acres of unimproved land (in his separate right) and one horse. His only indebtedness was a promissory note payable to W. V. Clark for the sum of $92.04. After his death his widow, M. E. English, agreed to sell Clark enough of the land to satisfy the debt, but finding that she had no authority to make the deed the agreement was abandoned. Thereafter and within four years of English's death Clark qualified as administrator of English's estate and proceeded to administer it through the probate court of Houston County. For the purpose of paying the Clark note and the expenses of administration Clark procured an order to sell the land. It was thereafter sold to Stokes & Collins for $225.50, which sale being reported to the court was duly confirmed. They thereafter sold it to the Louisiana and Texas Lumber Company. Though English left a widow and several minor children, no application was made for an allowance for a year's support for them and no such allowance was made. As found by the trial court $600 was a reasonable allowance therefor.

The widow had no actual notice of the pendency of the administration until a short while before the bringing of this proceeding. When she learned of it and of the sale of the land she, acting for herself and minor children, obtained from the District Court a writ of certiorari for the revision of the order for the sale of the land and to recover of Clark in satisfaction of her allowance for a year's support the sum he received therefor. She made the purchasers parties, as also the lumber company.

The trial court upon hearing the proof found the facts substantially as above stated, and decreed that plaintiffs should recover of Clark the amount received by him from the sale of the land, but that she take nothing from the other defendants.

Clark has appealed and complains of the judgment of the trial court chiefly on the ground that the record does not support the finding that Mrs. English did not authorize the administration and waive her right to an allowance.

We are of opinion the findings of the trial court are supported by the record and that his law conclusions are correct.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*