WELLER v. GUAJARDO. (No. 5429.)

(Court of Civil Appeals of Texas. San Antonio. March 3, 1915.)

1. VENUE ☞32—PLEA OF PRIVILEGE—RIGHT TO FILE—WAIVER—PETITION FOR REMOVAL.

In view of U. S. Comp. St. Supp. 1911, c. 3, § 29, requiring that the petition for removal of a cause to the federal court be filed at or before the time when defendant is required to file any kind of a plea or answer, the filing of a petition for removal, and procurement of action thereon before the filing of a plea of privilege, did not constitute a waiver of defendant's privilege to have the cause transferred to another county.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 47–50; Dec. Dig. ☞32.]

2. REMOVAL OF CAUSES ☞95—PROCEEDINGS —EFFECT OF PETITION.

A petition for the removal of a cause to the federal court, when sufficient on its face and accompanied by the proper bond, accomplishes such removal, though an adverse order be entered by the state court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 204, 205; Dec. Dig. ☞ 95.]

3. VENUE ☞66—PLEA OF PRIVILEGE—SUFFICIENCY.

That a plea of privilege to be tried in another county failed to state that plaintiff's allegation that defendants were nonresidents of the state was fraudulently and knowingly made to fix the venue of the suit did not render it insufficient.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 110–113; Dec. Dig. ☞66.]

4. VENUE ☞70—PLEA OF PRIVILEGE—RESIDENCE—SUFFICIENCY OF EVIDENCE.

Evidence in support of defendant's plea of privilege to be tried in another county *held* to show that defendant and his wife were residents of such other county when the suit was filed, regardless of whether he intended at some uncertain future time to return to Mexico and establish a new home there.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 122–126; Dec. Dig. ☞70.]

Appeal from District Court, Maverick County; W. C. Douglas, Judge.

Action by R. H. Weller against Alberto Guajardo. Verdict instructed for defendant, cause transferred to Bexar county, and plaintiff appeals. Affirmed.

Sanford & Wright, of Eagle Pass, for appellant. Winchester Kelso, of San Antonio, Ben V. King, of Eagle Pass, and McFarland & Lewright, of San Antonio, for appellee.

MOURSUND, J. Appellant sued appellee on April 27, 1914, to recover the value of live stock alleged to have been converted by appellee in Mexico. The original petition contained the allegation that appellee was a nonresident of the state of Texas. An amended petition was filed on July 30, 1914, making Guajardo's wife a party because a writ of garnishment had been issued and served upon the First National Bank of Eagle Pass, and plaintiff desired to subject certain funds on deposit to the payment of his debt, which funds were alleged to be community property, whether deposited in Guajar-

do's name or in that of his wife. In the amended petition it was alleged:

"That defendants are nonresidents of the state of Texas, and are aliens residing in the republic of Mexico, but that said defendants may be found at this time in Bexar county, Texas."

On November 16, 1914, the defendants filed their petition and bond, praying that the cause be removed to the United States District Court for the Western District of Texas, Del Rio Division, which petition was overruled. After such petition was overruled, defendants filed a plea of privilege to be sued in Bexar county, claiming that, while they were citizens of Mexico, defendant L. A. Guajardo was a resident of Bexar county, and had been since March, 1913, although he was also a resident of the state of Coahuila, Mexico, and that his wife had continually resided in Bexar county since March, 1913. Plaintiff filed an answer controverting the allegations of the plea, and a trial was had before a jury upon the evidence introduced by defendants. The court instructed the jury to return a verdict in favor of defendants, and upon the verdict entered an order transferring the cause to Bexar county. This appeal is from such order.

[1, 2] The first contention is that by filing their petition and bond for removal to the federal court, and invoking the action of the court thereon before the filing of the plea of privilege, the defendants waived their privilege of having the cause transferred to Bexar county. A petition for the removal of the cause to the federal court, when sufficient on its face and accompanied by the proper bond, accomplishes such removal, even though an adverse order be entered by the state court. Marshall v. Holmes, 141 U. S. 589, 12 Sup. Ct. 62, 35 L. Ed. 870, Donovan v. Wells Fargo Co., 169 Fed. 366, 94 C. C. A. 609, 22 L. R. A. (N. S.) 1250. No issue of fact regarding the truth of the allegations in the petition can be determined in the state court. Such issues must be raised in the Circuit Court after a copy of the record is filed in such court. When removal takes place the state court is without authority to proceed further, and no question of venue could legally arise. In this case the trial court held that the petition for removal of the cause disclosed that defendants resided in this state, and therefore was not sufficient to remove the cause.

The correctness of that ruling is determinable finally in the federal courts, in one of the ways pointed out in Burlington R. R. Co. v. Dunn, 122 U. S. 513, 7 Sup. Ct. 1262, 30 L. Ed. 1159. Still, when a state appellate court decides questions arising upon proceedings had in the state court subsequent to the proceedings to remove the cause, it necessarily assumes that the trial court retained jurisdiction of the cause, and thereby approves as correct the holding of the trial court that the effort to remove the cause to

the federal court was ineffective. The petition for the removal of the suit to the federal court, when based upon the claim that defendant is a nonresident alien, must be filed—

"at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff." Section 29, c. 3, U. S. Comp. Stat. Supp. 1911.

This provision has been construed to mean that the petition must be filed at or before the time when the defendant is required to file any kind of plea or answer—

"whether in matter of law, by demurrer, or in matter of fact, either by dilatory plea to the jurisdiction of the court or in suspension or abatement of the particular suit, or by plea in bar of the whole right of action." Golder v. Morning News, 156 U. S. 519, 15 Sup. Ct. 559, 39 L. Ed. 517.

In view of such statute, and the construction placed thereon by the Supreme Court of the United States, it seems that the proper course was pursued by defendants in this case, and that they should not be deprived of their right to be heard on their plea of privilege merely because they filed their petition for removal before filing said plea. They cannot be said to have submitted their persons to the jurisdiction of the court by filing such petition. We are not cited to any decision on this point, nor have we found any; but the right to be sued in the county of their residence is a valuable one, and parties who follow the course prescribed by the statutes of the United States, as construed by the highest court in our country, should not be held to have waived their right to have the cause transferred to the county of their residence. The statutes and rules of this state are not violated by giving precedence to a plea for which precedence is exacted by the laws of the United States, and even if a petition for removal could be filed at any stage of the proceedings, the proper course to pursue would be to file the same first.

[3] It is also contended that the plea of privilege was insufficient, because it did not state that the allegation to the effect that defendants are nonresidents of the state was fraudulently made for the purpose of fixing the venue of the suit. There is no merit in this contention, nor in the further contention that it was incumbent upon defendants to prove that their residence was known to plaintiffs at the time the suit was filed. Railway Co. v. Childs, 40 S. W. 41.

[4] The further contention is made that the evidence shows that Guajardo was not a resident of the state from August, 1913, to August, 1914, but was a resident of Mexico, and that, as his wife was not separated from him, her residence was in Mexico during said time. The testimony on this issue is too long to be repeated in this opinion. We conclude that it shows beyond dispute that Guajardo

and his wife abandoned their home in Musquiz, Mexico, about March 1, 1913, on account of the unsettled conditions prevailing in that country, and because there were no schools to which he could send children of whom he had charge and who resided with him; that at said time they established their home in San Antonio, Tex., in a rented house, for which they purchased the furniture, etc. They both lived in said city until August 1, 1913, when Guajardo returned to Mexico. He was appointed a colonel, and afterwards a brigadier general, in the army of Huerta, and was actively engaged in military operations in Mexico. His home at Musquiz was destroyed by fire in August, 1913, and he established no other residence in Mexico, unless the renting of a house at C. P. Diaz, where he was in charge of military operations, in which he kept his office and other things, may be said to have made him a resident of such town. His wife visited him upon one occasion for about a month, and upon other occasions for a few days, but left the balance of his family at San Antonio. Having been wounded on April 26, 1914, he left Mexico and went to Canada, remaining there until about August, 1914, when he returned to San Antonio, where he resided from then on up to the time of the trial of this case. His visit to Canada was intended as only a temporary one. He testified that when he went to San Antonio, in March, 1913, he intended to make that city his home permanently; that he bought a lot to build on, but had not been there a sufficient time to carry out such intention. Regardless of whether he had the intention at some uncertain time in the future to establish a new home in Mexico, which he did not admit, it seems that he and his wife were such residents of Bexar county, Tex., at the time the suit was filed, and at the time the amended petition was filed, as to be entitled to the privilege of being sued in that county. Pearson v. West, 97 Tex. 238, 77 S. W. 944; Taylor v. Wilson, 99 Tex. 653, 93 S. W. 109; Railway v. Rogers, 37 Tex. Civ. App. 99, 82 S. W. 825.

The court did not err in instructing a verdict for defendants, because the testimony adduced would not have supported a verdict for plaintiff.

The judgment is affirmed.