IVEY v. DAVIS et al. (No. 5511.)

(Court of Civil Appeals of Texas. Austin.
June 9, 1915.)

1. JUDGMENT ☞17—PROCESS—CROSS-ACTION
—NECESSITY—APPEARANCE.

Where defendant filed a cross-action against
his codefendant, it was necessary that such co-
defendant be cited to answer the cross-action, or
that he file an answer or otherwise enter an ap-
pearance as to that suit, and otherwise the court
had no jurisdiction to enter a judgment over in
favor of the cross-complainant, though the co-
defendant appeared in the main suit.

[Ed. Note.—For other cases, see Judgment,
Cent. Dig. §§ 25–33, 157, 422; Dec. Dig. ☞
17.]

2. APPEAL AND ERROR ☞185—NECESSITY OF
OBJECTIONS BELOW — QUESTIONS OF JURIS-
DICTION—ASSIGNMENTS OF ERROR.

Where a codefendant was not cited as to a
cross-action and did not appear thereto, the
question of jurisdiction was fundamental, and
might be considered on appeal, though not raised
below or assigned as error.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 1166–1176, 1375; Dec. Dig.
☞185.]

Appeal from District Court, Freestone
County; H. B. Daviss, Judge.

Action by the Farmers' & Merchants' State
Bank of Teague against J. Wed Davis and
Joe Ivey, in which defendant Davis filed a
cross-action against his codefendant Ivey.
From a judgment for the plaintiff against
both defendants and judgment over in favor
of Davis against defendant Ivey, the latter
appeals. Reversed as between Ivey and Da-
vis and affirmed otherwise.

Geo. W. Fryer and R. L. Williford, both of
Fairfield, and James MacIntosh, for appel-
lant.

KEY, C. J. The Farmers' & Merchants'
State Bank of Teague brought suit against
J. Wed Davis and Joe Ivey upon a promis-
sory note. The defendant Davis filed an an-
swer which, among other things, contained a
cross-action against his codefendant Ivey. A
citation was issued and served upon both de-
fendants, requiring them to appear and an-
swer as to the cause of action set up by the
plaintiff bank, but the record fails to show
that any citation was issued and served upon
the defendant Ivey, requiring him to answer
as to the cross-action set up against him by
his codefendant Davis. The defendant Ivey
filed no answer, though the record shows
that he was present when the case was tried;
in fact, he testified as a witness, having been
called for that purpose by the defendant
Davis. The trial resulted in a judgment for
the plaintiff bank against both defendants,
and judgment over in favor of the defendant
Davis against his codefendant Ivey, and the
latter has appealed.

[1] We sustain the tenth assignment of er-
ror and reverse the case, because the record
fails to show that the trial court had ac-
quired jurisdiction to render any judgment in
favor of the defendant Davis against his co-
defendant Ivey. In so far as that cross-ac-
tion was concerned, Davis was plaintiff and
Ivey was defendant, and before the court
could acquire jurisdiction to try that branch
of the case, it was necessary that Ivey be
duly cited to answer Davis' suit against him,
or that he file an answer, or otherwise enter
an appearance as to that suit. Harris v.
Schlinke, 95 Tex. 91, 65 S. W. 172; Kruegel
v. Bolanz, 100 Tex. 572, 102 S. W. 110; John-
ston v. Fraser, 92 S. W. 49; Field v. O'Con-
nor, 80 S. W. 872.

[2] The fact that Ivey was present when
the case was tried, and testified as a witness
for one of the other parties, did not consti-
tute such an appearance as obviated the ne-
cessity of having him served with citation to
answer the suit brought against him by his
codefendant Davis, and therefore the court
had no jurisdiction to render judgment
against him. It is true that Ivey subsequent-
ly filed a motion for a new trial, in which mo-
tion he did not raise the question of jurisdic-
tion, but that question is fundamental, and
therefore it is proper for this court to consid-
er it, either with or without an assignment
of error.

As this case has been transferred to this
court, and as the other questions sought to
be presented in appellant's brief may not
arise upon another trial, or may be decided
differently when appellant Ivey makes his de-
fense, we feel constrained to express no
opinion concerning them.

For the error pointed out, the judgment is
reversed and the cause remanded, as between
appellant Ivey and appellee Davis, but af-
firmed in all other respects.

Reversed and remanded in part, and in
part affirmed.