HAMLET v. LEICHT. (No. 90.)

(Court of Civil Appeals of Texas. Beaumont. April 27, 1916.

1. APPEAL AND ERROR ⬡══797(3)—RECORD ON APPEAL — MOTION TO DISMISS — TIME FOR FILING.

Under rule 8 (142 S. W. xi), as to waiver of objections to informalities, if motion to dismiss for failure to file briefs in time is not filed within 30 days after filing the transcript, it is too late, and will be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3153; Dec. Dig. ⬡══797(3).]

2. DESCENT AND DISTRIBUTION ⬡══119(1)— LIABILITY OF HEIRS—NOTE OF DECEDENT.

The surviving wife of the deceased maker of a note is not personally liable thereon, but the creditor should proceed against the property of the decedent in her hands to establish a lien thereon.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 224, 433, 434, 438, 439; Dec. Dig. ⬡══119(1).]

3. DESCENT AND DISTRIBUTION ⬡══146—LIABILITY OF HEIRS—NOTE OF DECEDENT—ACTIONS—PETITION—SUFFICIENCY.

A petition seeking recovery on a note of decedent as against his surviving wife is insufficient if it fails to show what specific property of the estate was received by her, or that the estate was solvent, or fails to seek foreclosure of a lien on specific property of the estate.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 508–510; Dec. Dig. ⬡══146.]

Error from Jefferson County Court; D. P. Wheat, Judge.

Action by George H. Leicht against Mrs. Pauline Hamlet. From a personal judgment by default against defendant, she brings error. Reversed and remanded.

J. V. Fleming and J. W. O'Neal, both of Beaumont, for plaintiff in error. David E. O'Fiel, of Beaumont, for defendant in error.

CONLEY, C. J. [1] We are confronted with a motion to dismiss this appeal, for the reason that briefs of plaintiff in error were not filed within the time prescribed by law. The rules require motions of this character to be filed within 30 days after the filing of the transcript in the Court of Civil Appeals. Rule 8 (142 S. W. xi). The transcript was filed in this court November 30, 1915. The motion to dismiss the appeal, for the reason above stated, was not filed until February 23, 1916. The motion, having been filed too late, is overruled.

This suit was originally instituted in the county court at law of Jefferson county by George H. Leicht, defendant in error, against Pauline Hamlet, a feme sole, plaintiff in error. The cause of action was on a promissory note executed by W. R. Hamlet, deceased husband of the plaintiff in error, and delivered to George H. Leicht by him during his lifetime. The petition of defendant in error alleged the execution of the note and its delivery by W. R. Hamlet, and the liability and obligation of said W. R. Hamlet

to pay the same, according to the face thereof, that since the execution and delivery of the note the said W. R. Hamlet had departed this life, without leaving any lawful heirs of his body, or any other heir at law than Mrs. Pauline Hamlet, that there had been no administration and no necessity therefor, there being no other debts or obligations against the said estate, that Mrs. Pauline Hamlet was in possession of and controlling and managing all the properties of the estate; that the note was past due, and that the said Pauline Hamlet had refused to pay the same, and prayed for personal judgment against her for the amount of said note. The plaintiff in error, Pauline Hamlet, filed an answer, consisting of a general demurrer and general denial.

The case was tried before the court without a jury, and resulted in a personal judgment by default against Mrs. Pauline Hamlet for the amount of the note sued on, principal, interest, and attorneys' fees, and costs of court. From this judgment she has perfected a writ of error to this court, and the judgment is now before us for revision.

[2] The first assignment of error attacks the court's action in rendering judgment in personam against her, and in not sustaining the general demurrer to the petition. This assignment is well taken, and will be sustained.

The plaintiff in error is not personally liable on said note. Heirs, devisees, and legatees who receive property belonging to an estate against which unpaid claims exist do not thereby become personally liable to the claimants for the value of the property so received; the remedy being to enforce a lien against the property in their hands. In a case of this kind the petition should show what specific property came into the hands of the plaintiff in error, so that a lien may be fixed, if other conditions exist which authorize it, on such property, and that a proper judgment might be entered for the foreclosure of such lien. Blinn v. McDonald, 92 Tex. 604, 46 S. W. 787, 48 S. W. 571, 50 S. W. 931.

[3] The petition in this case does not set out any specific property received by the plaintiff in error from the estate of her deceased husband, nor does it in terms allege that she received any property of any kind, nor the value of same, nor that said estate was solvent, nor does it seek to fix or foreclose a lien on such property, but prays for a personal judgment against the plaintiff in error for the full amount of the note. It is wholly lacking in the essentials necessary to authorize a suit of this character against plaintiff in error.

Although the petition alleges that W. R. Hamlet died intestate, leaving Mrs. Hamlet as sole heir, that there had been no administration on his estate, and no necessity there-

for, and that the debt sued on was the only debt against the estate, yet in the trial of this cause the defendant in error introduced the deposition of Mrs. Hamlet, in which she testified, among other things:

"W. R. Hamlet departed this life November 17, 1913. * * * W. R. Hamlet left a will at his death which made me the executrix and sole or partial devisee of all of his estate. He did not have a home at the time of his death, nor did he have any land at the time. * * * I cannot tell what debts were due by W. R. Hamlet or this estate, except from the memorandum contained in the inventory. * * * Mr. Hamlet did not leave an estate perfectly solvent, and in value amounting to more than sufficient to have discharged any and all indebtedness owed by him, without taking into account the exemptions claimed by myself as the surviving widow."

It is therefore to be seen that even such allegations as were made in the petition are not sustained by the proof.

The judgment will be reversed, and the cause remanded; and it is so ordered.