WERNER et al. v. NEEDHAM.　(No. 789.)

(Court of Civil Appeals of Texas. El Paso. Jan. 31, 1918. On Rehearing, Feb. 28, 1918.)

1. APPEAL AND ERROR ⬄722(1)—PRESERVATION OF EXCEPTIONS — ASSIGNMENTS IN TRIAL COURT.

Alleged errors based upon matters occurring after the motion for new trial is overruled may be raised by filing assignments of error in the trial court.

2. APPEAL AND ERROR ⬄840(2) — REVIEW — RECORD—JURISDICTION.

Error in sustaining general demurrer to pleadings is fundamental, and it is the duty of appellate courts to pass upon the jurisdiction of the trial court to render the judgment, whether the question is raised by bill of exceptions or assignment of error or not.

3. REMOVAL OF CAUSES ⬄95—EFFECT.

When defendant filed his petition for removal to the federal court and his bond which was approved, the state court lost all jurisdiction of the cause and was without authority to proceed further, though defendant filed a cross-action and consented to a change of venue in the state court.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Suit by Leslie A. Needham, as trustee, against Robert G. Werner and others. From the decree rendered, defendants appeal. Reversed and remanded.

Jno. B. Howard and Clay Cooke, of Pecos, and McKenzie & Loomis, of El Paso, for appellants. Leslie A. Needham, of Chicago, Ill., T. A. Falvey, of El Paso, and Ross & Hubbard, of Pecos, for appellee.

HARPER, C. J. This is a suit by Leslie A. Needham, trustee, against Robert G. Werner, the Arno Co-operative Irrigation Company, a corporation, R. S. Johnson, F. E. Knapp, John B. Dandridge, and Spencer B. Pugh, for title and possession of 7,804 shares of stock of the irrigation company, as adjudicated by this court in consolidated causes Nos. 1190 and 1345, in 1914. For more extensive statement of the issues between these parties we refer to the opinion in said causes reported in 177 S. W. 991. The only difference between this suit and those above as to issues involved is that here Needham alleges the same shares of stock have since been assigned to him and he instituted this action for the purpose above indicated.

The first assignment:

"The judgment rendered herein is void, and the court was without jurisdiction to render same, because this cause had been properly removed into the District Court of the United States for the Western District of Texas, and since the rendition of the judgment herein the said United States District Court has made its order herein upon said removal, overruling the motion of the plaintiff to remand this cause to the state court and retaining jurisdiction over same, and the jurisdiction and powers of the said state court herein was and is suspended and superseded by said removal and the order of said United States District Court retaining jurisdiction thereof upon such removal, as shown by the transcript of the proceedings in said United States District Court filed herein."

The proposition is:

"Upon the filing of a petition and bond in due form for the removal of a cause to the United States District Court, said cause being a removable cause, the jurisdiction of the state court over said cause and subject-matter thereof ceases, and all further proceedings in the state court are coram non judice and void."

Appellee objects to the consideration of this assignment: (1) Because it was not con-

tained in the motion for new trial; (2) because the statement does not set up all the record; (3) because there was no bill of exceptions retained to the act of sustaining demurrer to the plea in abatement.

[1-3] The plea in abatement, supported by affidavit, shows that this cause had been removed to the United States District Court for the Western District of Texas. The fact of removal is not in dispute. After the trial of this cause, and after motion for new trial had been overruled, a motion to remand this cause to the state court was overruled by the judge presiding over the United States District Court. A copy of this order was filed and made a part of the record of this cause. This assignment of error is based upon this matter which occurred after the motion for new trial was overruled. Such questions may be raised by filing assignments of error in trial court. Dees v. Thompson, 166 S. W. 56. It is fundamental error to sustain general demurrer to pleadings, and it is uniformly held that it is the duty of appellate courts to pass upon the jurisdiction of the trial court to render the judgment appealed from whether the question is raised by bill of exceptions or assignment of error or not. Hamm v. Hutchins, 19 Tex. Civ. App. 209, 46 S. W. 873; Ivey v. Davis, 178 S. W. 972; Milner v. Sims, 171 S. W. 784. When the appellant filed his petition and bond and the bond was approved, the state court lost jurisdiction of the cause and was without authority to proceed further. Texas & Pac. Ry. Co. v. Davis, 93 Tex. 388, 54 S. W. 381, 55 S. W. 562; S. P. Co. v. Harrison, 73 Tex. 103, 11 S. W. 168; Weller v. Guajardo, 174 S. W. 673; Wells Fargo Express Co. v. Hale, 175 S. W. 469. Appellee urges that by filing cross-action and seeking affirmative relief in the state court, and by voluntarily agreeing to a change of venue of the cause in the state court, jurisdiction is vested in state court.

The question is settled to the contrary. National S. C. Co. v. Tugman, 106 U. S. 118, 1 Sup. Ct. 58, 27 L. Ed. 87; Weller v. Guajardo, 174 S. W. 673. These questions must be determined by the United States court. Burlington R. Co. v. Dunn, 122 U. S. 513, 7 Sup. Ct. 1262, 30 L. Ed. 1159.

Because the case was pending, upon removal, in the United States District Court, at the time this trial was had, the state district court of El Paso county had no jurisdiction. It was therefore error to proceed with the trial.

There are other questions raised by the brief; but, since the above holding is fatal to appellee's judgment, we refrain from passing upon them.

Reversed and remanded.

WALTHALL, J., did not sit, being absent on committee of judges assisting the Supreme Court.

On Rehearing.

HARPER, C. J. The statement in the original opinion that it was settled to the contrary of appellee's contention "that by filing cross-action and seeking affirmative relief in the state court, and by voluntarily agreeing to a change of venue, appellant had waived his right to trial in federal court," is withdrawn. This was not the test question in the case as to the jurisdiction of the trial court, and it was not intended by the opinion to make it so; but it was based wholly upon the fact therein stated that appellants had filed their petition and bond, the bond was approved, that thereby the state court lost jurisdiction, and it being a federal question as to whether the United States District Court should retain jurisdiction, and the appellee having on October 2, 1916, filed in the federal court his motion to remand the cause, and it having been by that court overruled, thereby determining the question and retaining jurisdiction, the state court had no authority to proceed to the trial of the cause in February, 1917.