## ELDER v. CRADDOCK. (No. 6202.)

(Court of Civil Appeals of Texas. Austin.
May 12, 1920. Rehearing Denied
June 29, 1920.)

1. **Trespass to try title** ⬤⇒44—**Whether defendant entered under parol contract and made improvements held for jury.**

In trespass to try title, whether or not defendant entered into possession under a parol contract of sale and made improvements *held* for the jury.

2. **Vendor and purchaser** ⬤⇒79—**Parties may contract for payment for property out of particular fund.**

Parties may contract that the payment for land under a contract of sale shall be out of a particular fund, the realization of which is a condition precedent.

3. **Vendor and purchaser** ⬤⇒186—**Vendee not entitled to gain title without payment.**

Where defendant entered into possession of and was to be conveyed lot in consideration of his living thereon, and was to pay for improvements thereon out of commissions to be earned, and through the fault of neither party the addition failed, defendant could not in equity claim the property without paying for the same and the equities should be adjusted.

4. **Trespass to try title** ⬤⇒18—**Defendant cannot rely upon deed executed by plaintiff after suit to establish outstanding title.**

Defendant in an action of trespass to try title is not entitled to rely upon a deed from plaintiff made after the institution of the suit to show outstanding title.

5. **Lis pendens** ⬤⇒18—**Failure to file did not effect rights in trespass to try title.**

In trespass to try title, failure of plaintiff to record a lis pendens did not affect his rights, where defendant was in possession of the premises in controversy at the time plaintiff executed a deed after the institution of the suit to a third party, thus effecting the purchasers with constructive notice as effectually as would have been the recording of lis pendens notice, under Rev. St. 1911, arts. 6839, 6840.

6. **Trespass to try title** ⬤⇒18—**Execution of deed by plaintiff prior to cross-petition did not create outstanding title.**

Execution of deed by plaintiff in trespass to try title after institution of suit and prior to filing of cross-action by defendant did not create outstanding title upon which defendant could rely as a defense.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Action by L. Craddock against J. Frank Elder. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

W. L. Eason, of Waco, for appellant.
U. F. Short, of Dallas, and D. A. Kelley, of Waco, for appellee.

BRADY, J. L. Craddock sued J. Frank Elder in trespass to try title to recover the premises in controversy. The defendant answered by general demurrer, plea of not guilty, and by cross-action in the usual form of trespass to try title. The court gave a peremptory instruction for the plaintiff and against defendant on his cross-action, but submitted to the jury the issue of rents claimed by plaintiff. The jury returned the verdict as instructed, but found that plaintiff was not entitled to recover any rents.

The plaintiff claimed that defendant was his tenant under a rental contract executed in June, 1917. The defendant claimed that in 1913 he entered into possession of the premises in controversy under a parol contract of sale, and had made permanent and valuable improvements thereon, and therefore the statute of frauds was not applicable to the case. His claim will be more specifically stated hereafter.

By the first assignment the action of the trial court, in peremptorily instructing a verdict for appellee is attacked, upon the ground that there were issues of fact to be determined by the jury, especially the issue of a parol contract of sale, followed by possession and the making of valuable and permanent improvements on the property. We have concluded that this contention is well founded, and that the trial court should have submitted the issue to the jury. This is not a case where the defendant, upon failure of his title claims the value of improvements erected on the property, under article 7760, Revised Statutes, but the claim is one of title to the property, based upon possession, and the making of permanent and valuable improvements under a parol contract of sale.

[1] The testimony of appellant and his wife tended to show a parol agreement with appellee and Mr. Staten, who was acting for or with appellee, by which appellant was to receive the title to the two lots in controversy, in consideration of his moving with his family to the house to be erected thereon, and enduring the hardships of living out in the addition where same was situated, as well as other considerations, and that the property was to be deeded to appellant upon his paying for the improvements, erected with money furnished by appellee. These improvements were to be paid for out of commissions as they accrued to appellant from the sale of other lots in the addition, in monthly installments. It was also shown by appellant that he had made valuable and permanent improvements on the premises, after having taken possession of the same, aggregating over $600, and he went into possession of the property shortly after the completion of the house, and had continued in possession up to the date of the trial. This is

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

a sufficient statement of the evidence to show that an issue of fact was made which should have been submitted to the jury; and the giving of the peremptory instruction was, in our opinion, reversible error. Dixon v. McNeese, 152 S. W. 676, and authorities there cited.

In view of the probability of another trial, we think it proper to say that, since the appellee claims that appellant went into possession of the property as his tenant, and later under rental contract, which was attacked by appellant as having been obtained through fraud and deceit, the issue concerning this rental contract should be submitted to the jury. On the present trial it was assumed by the trial court that appellant was in fact the tenant of appellee, and the amount of rents was the only issue submitted to the jury.

[2, 3] Another issue raised on the trial was the question as to whether or not appellant was excused from making any payments for the improvements on the property, by virtue of the alleged conduct on the part of appellee and Mr. Staten in not financing the addition, and making certain improvements thereon, principally the installing of water and lights. It was his claim that he was to pay for the property only out of commissions from the sale of lots in the addition, and that he was prevented from doing so through no fault of his own, but through the default of appellee. This issue should be submitted to the jury, including the amount, if any, of commissions which appellant would have earned had appellee performed his contract. It is undoubtedly true that parties may contract that the payment for property shall be out of a particular fund, the realization of which is a condition precedent. We do not wish to be understood as holding that appellant can retain the property, without paying for the same, merely because it was contemplated by the parties that he would realize commissions out of the sale of real estate. If appellee was not at fault in preventing appellant from realizing commissions and thus paying for his home, we do not think in equity appellant could claim the property without paying for the same. However, this issue should be fully submitted to the jury, and if neither party was at fault, but the addition merely "blew up," as expressed by some of the witnesses, the equities should be adjusted, since appellant claims title to the two lots absolutely, and a contract to pay for the improvements in monthly installments.

The remaining assignments deal with the point that appellant was himself entitled to an instructed verdict, because appellee had parted with his title by a deed to Staten during the pendency of the suit, and Staten had conveyed to Manning; and it is claimed that these conveyances showed a superior outstanding title in Staten and Manning. It is also asserted that, since no lis pendens notice had been filed, appellee had no title to the premises, but by his suit was asserting an adverse claim thereto. The conveyances in question were made by appellee during the pendency of the suit, but before the filing of appellant's cross-action, which was filed on the day of the trial.

[4, 5] We are of the opinion that appellant is not entitled to rely upon a deed from appellee, made after the institution of the suit, to show outstanding title. Mealy v. Lipp, 91 Tex. 182, 42 S. W. 544. Under the facts of this case, we do not think the question is affected by the lis pendens statute. The only effect of compliance with that statute by either party would have been to refer a purchaser pendente lite to the record of the case, to affect him with notice of the issues in the suit. The failure to record a lis pendens by either party would not affect appellee's rights, since appellant was in possession of the premises in controversy at the time the deeds from Craddock to Staten and from the latter to Manning were made, thus affecting the purchasers with constructive notice as effectually as would have been the recording of lis pendens notice. Revised Statutes, arts. 6839, 6840.

[6] Appellant, however, contends that, whatever may be the rule viewed from the standpoint of the plaintiff's petition, yet, as to the cross-action filed by appellant, the deeds were made prior to the filing of such cross-action, and therefore, in effect, appellee had parted with his title before the filing of suit. We cannot agree with the contention. If we are to view the matter from the standpoint that appellant's cross-action was the filing of a suit, it follows that he must be regarded as the plaintiff; and as such it would avail him nothing, in his action to recover the title, to show that the appellee, who was for the purposes of the cross-action a defendant, had parted with his title. It would not, in such event, be the case of an outstanding title against the plaintiff, defeating his right to recover, but would be an outstanding title against the defendant, which consideration would not aid appellant, as plaintiff, to recover the land. This is regarded by us as a satisfactory answer to the claim that appellant was entitled to a peremptory instruction upon his cross-action.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.