**LOVENSKIOLD et al. v. CASAS et al.**
(No. 6497.)

(Court of Civil Appeals of Texas. San Antonio. March 16, 1921. Rehearing Denied April 6, 1921.)

1. **Appeal and error** ⟐⟐773(2)—**Appeal dismissed where appellant filed brief so late that appellee had only 11 days in which to file a reply brief.**

In trespass to try title involving many questions raised and discussed in the brief where appellant presented copy of brief, to be thereafter printed, to appellee at a time when he would have only 11 days to prepare a reply brief, appellate court will not controvert appellee's sworn statement that they did not have sufficient time to reply to appellant's brief, where to do so would require an independent investigation of the case, without the aid of appellee's brief, and the appeal will be dismissed.

2. **Lis pendens** ⟐⟐26(1)—**Purchasers pendente lite not necessary parties.**

Purchasers of land pendente lite are not necessary parties in the action, a final judgment in such a case being made conclusive upon them by Vernon's Sayles' Ann. Civ. St. 1914, art. 7758.

Appeal from Distrit Court, Nueces County; W. B. Hopkins, Judge.

Suit by one Juan Casas against Perry G. Lovenskiold and others. Plaintiff dying pending the action, his heirs were substituted in his stead. Judgment for plaintiff, and defendants appeal. Affirmed.

---

⟐⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

E. B. Ward and J. C. Scott, both of Corpus Christi, for appellants.

S. A. Early, of Corpus Christi, for appellees.

COBBS, J. The appellees filed a motion to strike out appellant's brief and statement of facts, and to affirm the judgment of the trial court on the transcript of this cause, or to dismiss the appeal.

It is shown that on the 9th day of February, 1921, this cause was set down for submission on the 2d day of March, 1921. The transcript in this cause was delivered to John C. Scott, one of the attorneys for appellant, on the 17th day of December, 1920. There was no brief filed here for appellants until the 26th day of February, 1921. None was filed in the district court. Appellants' brief contains 18 assignments of error, discussed in a printed brief containing 98 pages. The transcript contains 121 pages, and the statement of facts 145 pages. The appellees and their counsel reside in Nueces county, away from this court, in a remote county. On the 24th day of February, 1921, counsel for appellant tendered counsel for appellees, in Corpus Christi, a manuscript, purporting to be a copy of the brief which was afterwards to be printed and filed. This gave appellees about 11 days in which to file a reply brief. They refused to accept the proposed manuscript copy of the brief, and in their motion, which is sworn to, say:

" * * * All of which appellees declined to accept, for the reason that there was not sufficient time remaining before submission day for them to prepare their brief in reply, and because they are entitled to have appellants' finished brief in time to reply to it, and before undertaking to reply to it."

[1] It is a suit in trespass to try title, involving many questions raised and discussed in the brief. We are not prepared to controvert their sworn statement, and say there was time, since to do so would require us to make an independent investigation of this case, without the aid of appellees' brief, who desired to file one, and we think it was important for them to do so in this case. Appellants cite no authority in support of any assignment or proposition until they reach the very last assignment, and then on the last page of the brief cite three cases. It was never contemplated by the rules that such burden would be placed upon the appellate courts, without the aid of the briefs of both parties, if such were the desire. Neither is it contemplated that a dismissal will be granted in every case where there is a failure to comply with the rules. S. A. & A. P. Ry. Co. v. Holden, 93 Tex. 213, 54 S. W. 751.

In appellants' answer he contends that the motion to dismiss comes too late, and contends that such motions are controlled by Rule 8 (142 S. W. xi), and cites the case of Hamlet v. Leicht, 187 S. W. 1004, in which Chief Justice Conley, of the Beaumont court, in delivering the opinion of the court, says:

"We are confronted with a motion to dismiss this appeal, for the reason that briefs of plaintiff in error were not filed within the time prescribed by law. The rules require motions of this character to be filed within 30 days after the filing of the transcript in the Court of Civil Appeals. Rule 8 (142 S. W. xi). The transcript was filed in this court November 30, 1915. The motion to dismiss the appeal, for the reason above stated, was not filed until February 23, 1916. The motion, having been filed too late, is overruled."

This decision caused us to make a further investigation of the point, and we find the Austin court refused to follow it, in M., K. & T. Ry. Co. v. Jefferson, opinion by Chief Justice Key, 201 S. W. 213, who said:

"We overrule appellant's contention that this proceeding is governed by rule 8 (142 S. W. xi), which requires motions affecting the formalities attending the filing of transcripts to be filed within 30 days after the transcript is filed. The case was not set down for submission in this court until about 9 months after the transcript was filed; and therefore, if appellee had filed a motion to dismiss the appeal within 30 days after the transcript was filed, appellant, in reply to the motion, could have shown that it would soon file its brief in ample time for appellee to reply thereto before the case would be reached in this court, and upon such showing the appeal would not have been dismissed. Appellant's failure to file its brief did not constitute sufficient ground for dismissing the appeal until the time arrived when it was too late for appellee to reply thereto, and for that reason we hold that rule 8 does not apply. In other words, it is appellant's continued failure to comply with the statute for about 9 months after the transcript was filed that forms the basis of appellee's motion, and the greater portion of that failure occurred more than 30 days after the transcript was filed, and therefore rule 8 does not apply.

"It may be that our decision upon this point is in conflict with the decision of the Beaumont Court of Civil Appeals, in Hamlet v. Leicht, 187 S. W. 1004; but, if such be the case, we respectfully announce that we decline to follow that decision."

We are inclined to follow the opinion of the Austin court in the case of Railway Co. v. Jefferson, supra. We have carefully read and considered the answer of appellant, and have repeatedly dismissed cases when in our opinion sufficient time had not been given to appellee to file a brief, and have likewise repeatedly overruled such motions when in our opinion, from an examination of appellant's brief and the record, the time was sufficient. When there is such failure, and the opposite party makes a motion setting up the facts and swears to it, he is with-

in his legal rights, which must be considered.

The views of this court have been well expressed in such matters by the opinion of Justice Moursund in the case of Weston et al. v. Patterson et al., 165 S. W. 1194.

We will not, however, dismiss this appeal, but consider the case, with the admonition to counsel generally to follow the rules, in briefing their cases, more closely, to the end that the other side have ample time for reply and the court have the full benefit of assistance from all sides.

This case was before this court on a former appeal, and reported in 196 S. W. 630. This suit was to try title, and the facts stated in the case hereinbefore cited are appropriate to refer to here. The judgment of the trial court was reversed June 6, 1919, and cause remanded, and is now again before this court on an appeal. It is a suit in trespass to try title for the same property, and is the same cause of action.

Among other things pleaded in this case was that on September 9, 1920, appellee filed a trial amendment, alleging Lee Lovenskiold died intestate, and there is no administratration on his estate, and the other named defendants are his only heirs, and defendant Charles Taylor, who was a minor when the suit was filed, had become of age, was 21 years old, and the answer filed by the other defendants should apply to him as well. On the same day appellants filed their second amended original answer, containing a plea in abatement that in 1917 during the pendency of the suit Juan Casas, the original and only plaintiff, died, and before his death executed and delivered to T. O. Woldert and S. A. Early a deed of conveyance for the undivided one-half of the lot sued for, and that T. O. Woldert and S. A. Early are necessary parties to this suit, and upon such plea in abatement the suit is prayed to be dismissed. The suit was originally instituted on December 11, 1915. On September 8, 1920, the amended petition suggested the death of Juan Casas, the original plaintiff, and substituted the heirs by name as parties plaintiff and Perry G. Lovenskiold, independent executor of the estate of Oscar Lovenskiold, deceased, and guardian of person and estate of Lee Lovenskiold, a non compos mentis, Alice B. Rankin and T. B. Southgate and his wife, Emily R. Southgate, Lee Lovenskiold, a non compos mentis, Fred S. Lovenskiold, Charles Taylor, and Sophia F. Lovenskiold as defendants; that Juan Casas died in 1917, and there has been no administration on his estate, and no necessity exists therefor, and the parties plaintiffs are his brothers and sisters and only heirs; that Perry G. Lovenskiold is the acting executor of the will of Oscar C. Lovenskiold, deceased, and guardian of Lee Lovenskiold; that the defendants are the heirs and legatees of Oscar C. Lovenskiold, deceased.

The case was submitted to the jury on special issues, which with their answers are as follows:

"(1) Say whether or not it has been shown by a preponderance of the evidence in this case that Oscar C. Lovenskiold, in his lifetime, delivered to Juan Casas the deed of October 31, 1899, for lots eleven (11) and twelve (12), in block twenty (20), in the bluff part of Corpus Christi. Answer: Yes.

"(2) What is the reasonable rental value of the property in controversy from the 11th day of December, 1913, to the present time? Answer: $200.00.

"(3) Say whether or not you find from a preponderance of the evidence adduced on the trial that Oscar C. Lovenskiold, in his lifetime, and the defendant P. G. Lovenskiold, individually and as executor of the will of Oscar C. Lovenskiold, deceased, Sophia F. Lovenskiold, Emily B. Southgate, joined by her husband, T. B. Southgate, and Fred S. Lovenskiold, either in person or through duly authorized agents and tenants, or both, have been in peaceable and adverse possession of the two lots herein sued for by the plaintiffs, under 'title' or 'color of title,' for three years next preceding the institution of this suit on December 11, 1915. Answer this question Yes or No. Answer: We, the jury, answer No.

"(4) Say whether or not you find from a preponderance of the evidence adduced on the trial that the defendants herein and Oscar C. Lovenskiold, under whom they claim, either in person or through duly authorized agents and tenants, or both, have had peaceable and adverse possession of the two lots sued for herein by plaintiffs and described in their petition, using or enjoying the same, and paying taxes thereon, and claiming under a deed or deeds duly registered, for 5 years next preceding the institution of this suit. Answer this question Yes or No. Answer: We, the jury, answer No.

"(5) Say whether or not Oscar C. Lovenskiold, in his lifetime, and Perry G. Lovenskiold and others, the defendants in this cause, after his death, have had peaceable and adverse possession of the two lots involved in this controversy, using the same for 10 years next before December 11, 1915, the date of the institution of this suit by Juan Casas. Answer: No."

Upon the answers of the jury the court entered judgment in favor of appellees for the land and damages for $200, the rental value of the land, with 6 per cent. interest per annum from 15th day of September, 1920.

The first error assigned is that the court erred in not dismissing the suit because of the nonjoinder of T. O. Woldert and S. A. Early, who acquired their interest in the land through a conveyance made by Juan Casas, the original plaintiff, before his death and during the pendency of this suit. Appellants cite no authority for this contention, and the only evidence on the subject seems to be the deed itself to T. O. Woldert and S. A. Early, who were then the attorneys

of record for the plaintiff, who are marked as such in Lovenskiold et al. v. Casas, 196 S. W. 630.

[2] As shown by the pleadings of appellants, their assignments of error, and the propositions and statements thereunder, the purchase was made pendente lite, and they were not necessary parties. Mealy v. Lipp, 91 Tex. 182, 42 S. W. 544. The purchasers took the property as they found it, and hazarded the result of the case. A final judgment in such a case is, by our statutes (article 7758, Vernon's Sayles') made conclusive "upon all persons claiming from, through or under such party, by title arising after the commencement of such action." Mealy v. Lipp, 91 Tex. 182, 42 S. W. 544.

There is no merit in the second assignment of error, objecting to the eighth interrogatory propounded by the original plaintiff, Juan Casas, to Alice B. Rankin, and the answer thereto. There is nothing in it, as claimed, that is calculated "only to arouse the prejudice and sentiment of the jury," and it is overruled.

The same objection is made to the answer to practically the same question propounded in interrogatory No. 9, in assignment No. 3. It is without merit, and is overruled.

The fourth to the eighteenth assignments, inclusive, are similar objections to the interrogatories propounded to and answers by the same witness, Alice B. Rankin, generally, without the particular ground of objection stated, and some because immaterial and irrelevant. We see no merit in any of the objections made, and they are severally overruled.

The final and last assignment is No. 18, in which he complains that the court erred in rendering final judgment in favor of defendants, because the great preponderance of the evidence adduced on the trial, and such final judgment and findings of the jury, are not sustained by the evidence. They do not contend that there was no evidence introduced to show the right of recovery, but in the light of this assignment it presupposes there was testimony to show it, but "the great preponderance of the evidence adduced on the trial" was not in favor of the findings of the jury.

We have read all the evidence set out by appellant under the statement under the propositions urged to convince us, as well as the statement of facts which we also read. This is largely, if not almost entirely, a fact case. On the former appeal this court said:

"The evidence is conflicting, but the jury determined the issue in favor of the appellee, which would conclude this court but for the error of the trial court in admitting, over objection of appellants, material illegal evidence,

which is presented in the sixth and fourteenth assignments."

There are no errors of law presented here of a reversible nature. We think it has been fairly submitted and tried, and the findings of the jury are again against appellants, and are supported by the testimony. They have had two trials, and twice the jury have found against them. As said in Whitaker v. McCarty (Com. App.) 221 S. W. 572:

"Manifestly, the justice of the case has been obtained, and when that result has been reached, litigation should end."

No assignment has been made showing a reversible error, and they are all overruled.

The judgment is affirmed.