## Dalkiewicz v. Stare

*C. Stephen Gurdin Jr.*, for plaintiff.
*Allen T. Reishtein*, for defendants.
*Joseph J. Prociak*, for transferees.

HOURIGAN, *P.J.*, October 16, 1987—This matter is before the court on defendants' petition to join transferees as co-plaintiffs.

## HISTORY AND FACTS

Filed on February 7, 1985, plaintiff's complaint seeks, inter alia, an injunction which would restrain defendants from trespassing on certain property owned by plaintiff that is located in Jackson Township. The subject petition was filed on March 19, 1987; defendants seek to join Tony Van Scoy and Sally Van Scoy, his wife, as co-plaintiffs, on the basis that they are the present owners of the subject property. Briefs were filed on behalf of defendants and the Van Scoys. This petition is presently before the court for disposition.

## DISCUSSION AND LAW

Petitioner, David Stare, claims that respondents, Tony and Sally Van Scoy, should be joined as co-plaintiffs by reason of Pa.R.C.P. 2004, which appears as follows:

"If plaintiff has commenced an action in his own name and thereafter transfers his interest therein, in whole or in part, the action may continue in the name of original plaintiff, or upon petition of original plaintiff or of transferee or of any other party in interest in the action, the court may direct transferee to be substituted as plaintiff or joined with original plaintiff."

Petitioner contends that the only matter which may be raised in opposition to his petition is whether plaintiff's interest has been transferred; in support of this contention, petitioner cites *Commonwealth Trust v. Caplan*, 49 D.&C. 502 (1943). However, *Commonwealth Trust* is not applicable to the case at bar, since in that case it was defendant who was opposing transferee's right to be substituted as a party plaintiff.

Upon review of both briefs, it appears that neither party has addresed the crucial issue, i.e. whether defendant can compel transferee to be substituted or joined as a co-plaintiff over transferee's objection.

Our research indicates that Pennsylvania courts have not addressed this issue. In both *Bily v. Allegheny County Board*, 353 Pa. 49, 44 A.2d 250 (1945), and *Commonwealth Trust,* supra, the courts addressed the right of transferee to join the lawsuit. In *Bily*, our Supreme Court, reversing an assessment board, recognized a mortgagee as a real party in interest, as the actual litigant, and granted her a status as such on the record. In *Longbine v. Piper,* 70 Pa. 378 (1872), the court ruled that original plaintiff could not be ousted by transferee.

Other jurisdictions have concluded that in actions involving real property, the purchaser of the property in due course is not a necessary party to the action and cannot be compelled to become a party-plaintiff by the opposite party. In *Lovenskiold v. Casas,* 229 S.W. 888 (1921), the Texas Court of Appeals stated:

"This is so because under a statute making a final judgment conclusive upon all persons claiming from, through, or under a party to the action, by title arising after commencement of the action, a purchaser of land pendente lite is not a necessary party to the action."

Courts in this commonwealth have held that if plaintiff, after having commenced the action, assigns all or part of his interest, the action may still be continued in plaintiff's name. For example, our sister court in York County held in *Gray v. Laudenslauger, et ux.,* 65 York 78 (1951), that "a transfer of interest . . . does not affect the right of plaintiff to pursue the remedy for the use of his transferee." Furthermore, a statutory provision re-

garding the acquisition of property that is the subject of a lawsuit is found at 17 P.S. §§1910-1912; more commonly known as "lis pendens," its effect is "to give notice to third persons that any interest they may acquire in the properties pending litigation will be subject to the result of the action." *Dice v. Bender,* 383 Pa. 94, 117 A.2d 725 (1955).

Finally, we note that Pa.R.C.P. 2004 is stated in the permissive form, i.e. that the court *may* make the substitution or addition of transferee, as the cases discussed above indicate. Therefore, it is within the authority of this court to either deny the substitution or addition of transferee, as the court did in *Longbine,* supra.

After reading rule 2004 in conjunction with the lis pendens statute and the corresponding case law, we conclude that respondents, the Van Scoys, cannot be compelled to be co-plaintiffs under Pa.R.C.P. 2004; additionally, the original plaintiffs, the vendors of the property in dispute, have the right to pursue the remedy for the use of their vendees. Under the statute cited above, the interest acquired by the vendees will be subject to the result of the action.

Accordingly, the petition of David C. Stare and Mary Beth Stare, his wife, to join Tony Van Scoy and Sally van Scoy as party plaintiffs is denied.

## ORDER

It is hereby ordered that defendants' petition to join transferees as co-plaintiffs is denied.