## W. F. HICKS v. B. F. PORTER ET AL.

Decided February 18, 1905.

### 1.—Continuance—Diligence.

Where defendant, by an examination of the records of the surveyor's office, could have ascertained the name of the person who surveyed the land in suit, and by inquiry made of his relatives in the county could have learned his residence, but neglected to do so for more than three years after the filing of the suit, no such diligence was shown as would warrant a continuance to obtain the surveyor's testimony by deposition.

### 2.—Same.

Nor was the requisite diligence shown with respect to a witness living in the county, for whom a subpoena, which was not served, was issued three years after suit filed, and only twelve days before the trial, and the fees of the witness had not been tendered.

### 3.—Judgment—Purchaser Pendente Lite.

Where defendant bought land at a sale under a judgment against H., for taxes, and with notice of the pendency of a suit by plaintiff against H. for the land, he was a purchaser pendente lite, and was concluded by the judgment rendered in such suit.

Appeal from the District Court of Hill. Tried below before Hon. W. Poindexter.

*Geo. D. Green* and *Vaughan & Works,* for appellant.

*G. D. Tarlton* and *Wear, Morrow & Smithdeal,* for appellees.—
1. Appellant's application for a continuance and the contest thereof
showed a lack of diligence to procure the testimony mentioned, and there
was no error in overruling said application.    Cattle Co. v. Chisholm,
71 Texas, 523; Railway v. Ragsdale, 67 Texas, 24; Hogan v. Railway
Co., 88 Texas, 684; Brown v. Bank, 70 Texas, 750; Railway v. Wor-
sham, 84 Texas, 570; Falls Land & Co. v. Chisholm, 71 Texas, 523.

2. The judgment against R. P. Hicks for the land in controversy
was conclusive against appellant, he claiming title under R. P. Hicks
and having purchased pending the suit of B. F. Porter v. R. P. Hicks;
and there was no error in admitting it in evidence.    Sharp v. Elliott,
70 Texas, 669; Randall v. Snyder, 64 Texas, 353; Jamison v. Holbert,
47 Texas, 180; Rusk v. Mangum, 37 S. W. Rep., 450; Cassady v.
Kluge, 73 Texas, 154; Wortham v. Boyd, 66 Texas, 404; Flanagan
v. Pearson, 61 Texas, 304.

BOOKHOUT, ASSOCIATE JUSTICE.—Appellees, on the 12th day of
January, 1901, filed their original petition in the District Court of Hill
County, Texas, in the ordinary form of trespass to try title against
appellant to recover the James Edwards 273-acre survey in Hill County,
appellees claiming same as the heirs of the said James Edwards, to whom
said survey of land was patented.    On March 24, 1902, appellant filed
his first amended original answer, consisting of general exception, plea
of not guilty, and special answer, that on the 30th day of September,
1898, a judgment and decree was rendered in cause No. 117, State
of Texas v. R. P. Hicks, for the sum of $100.05, with interest thereon
and costs of suit, foreclosing a lien for taxes due the State of Texas and
County of Hill upon the James Edwards 273-acre bounty survey, ab-
stract No. 277, it being the same land described in the petition.    That
an order of sale was issued on said judgment December 7, 1898, and the
land sold by the sheriff, January 3, 1899, at which sale appellant be-
came the purchaser for the sum of $300.    That at said sale G. D. Tarl-
ton, Esq., attorney and agent for appellees, was present and made no
mention of appellees' claim or title and alleged ownership of said
tract of land to appellant or others present at said sale, bidding on
said land; whereby appellees are estopped from claiming any title
whatever against appellant as to said land, etc.    On the 29th day of
March, 1904, the cause was tried before a jury and resulted in a verdict
and judgment for appellees.    On March 30, 1904, appellant filed his
motion for new trial, which was overruled, and an appeal perfected.

*Opinion.*    Error is assigned to the court's action in overruling de-
fendant's application for a continuance.    One of the grounds upon which
the application was asked was to procure the testimony of J. M. Abbott,
who resides in Trilby County, State of Florida.    The application al-
leged that due diligence had been used to procure the testimony of
said witness in that as soon as defendant learned that said Abbott had
surveyed the land for location, appellant began to make inquiry as to
the whereabouts of said Abbott, and on the 21st day of March, 1904,
he learned for the first time that the said Abbott resided in Trilby,
Florida, and on the 22d day of March, 1904, he caused his attorneys
to forward a commission with interrogatories attached to take his deposi-

tion. Insofar as the application alleged diligence in attempting to procure said testimony, it was contested. It was shown that J. M. Abbott was, prior to the year 1872 or 1873, county surveyor of Hill County, Texas; that he was well known to a number of citizens of Hill County, who now live and have continued to live in Hill County for twenty years or more; that said Abbott moved from Hill County to Florida about the year 1874; that he has numerous relatives in Hill County who are well known people, giving their names, from whom defendant could have learned whether said witness was living or not, and if living, his residence. The record of original surveys of Hill County showed that said Abbott made the survey of this land. The application fails to show when the defendant first ascertained that the land was surveyed by J. M. Abbott, or when he began to make inquiry to ascertain the residence of said witness. The suit was instituted in January, 1901, and he says he did not learn of the residence of the witness until March 21, 1904. Had an examination of the records of the surveyor's office been made, defendant would have ascertained that J. M. Abbott surveyed the land, and by inquiry made of his relatives residing in Hill County, defendant could have learned of Abbott's residence. The diligence shown to get the testimony of said witness is insufficient in law to entitle defendant to a continuance for the want of his testimony.

It is further insisted that there was error in not granting the application on account of the absence of the witness, J. B. Edwards. It was alleged that J. B. Edwards resides in Hill County, Texas. The application shows that no subpoena issued for Edwards until the 10th day of March, 1904. This subpoena was not served, nor had the witness been paid or tendered witness fees. The cause had been pending on the docket for more than three years. The case was tried March 22, 1904. No proper diligence was had to procure the attendance of said Edwards as a witness, and there was no error in overruling the motion for continuance based on his absence.

2. It is contended that the trial court erred in permitting the plaintiffs to read in evidence the judgment in the case of B. F. Porter et al. v. R. P. Hicks, dated October 25, 1899. On May 25, 1898, the appellees, B. F. Porter et al., brought suit in the District Court of Hill County against R. P. Hicks, to recover the same land involved in this suit, said cause being numbered 3,706, and styled B. F. Porter et al. v. R. P. Hicks. On October 25, 1899, judgment was rendered in said cause against R. P. Hicks in favor of these appellees, vesting title in them. On June 24, 1898, the State of Texas brought suit in the District Court of Hill County against R. P. Hicks to recover a judgment for taxes then due and owing by him on the same property in the sum of $100.05, and interest and costs, and to foreclose a tax lien on the land. This suit resulted in a judgment for the State and foreclosure of a lien on the land October 30, 1899. Appellees were not parties to that suit. Appellant, W. F. Hicks, purchased the land at sheriff's sale duly made by virtue of an order of sale issued on said judgment. The sheriff's deed bears date January 3, 1899. Appellant, W. F. Hicks, is the father of R. P. Hicks, defendant in said judgment, and at the time of his purchase appellant had notice of the suit by B. F. Porter et al., then pending against R. P. Hicks, and that the plaintiffs in that

suit claimed the land.   Under these facts is the appellant concluded by the judgment rendered in cause No. 3706, of B. F. Porter et al. v. R. P. Hicks?   That suit was pending when the tax suit was filed and judgment was rendered in favor of the State foreclosing its tax lien. While the appellant purchased under an order of sale issued on a judgment foreclosing a lien for unpaid taxes, assessed against R. P. Hicks as the owner of the land, he can not under the facts be considered a good faith purchaser.   The judgment attached only to such interest as R. P. Hicks had in the land.   As the appellant, W. F. Hicks, had notice at the time of his purchase, of the suit then pending against R. P. Hicks, he is in no better attitude than he would have been had he bought direct from R. P. Hicks.   He is to be treated as a purchaser pendente lite.   Having purchased the land while the suit against R. P. Hicks in favor of appellees was pending, and with notice of that suit, he is concluded by the judgment the same as if he had been a party to that suit.   Randall v. Snyder, 64 Texas, 353; Harle v. Langdon, 60 Texas, 555; Cordray v. Neuhaus, 25 Texas Civ. App., 247, 61 S. W., 415.   It follows that there was no error in admitting in evidence the judgment against R. P. Hicks.

3. It is insisted that the court erred in failing to charge the jury the law on the issues as to the identity of James Edwards, to whom the land in controversy was patented, and the James Edwards, under whom plaintiffs claim title to the land.   Having held that appellant was a purchaser pendente lite and concluded by the judgment in the case of Porter et al. v. R. P. Hicks, No. 3706, this contention can not be sustained.   Again, the evidence shows, without conflict, that the ancestor of appellees, and through whom they claim title, is the same James Edwards to whom the land was patented, and hence there was no error in instructing the verdict for plaintiffs.

Finding no error in the record the judgment is affirmed.

*Affirmed.*