### J. ULLMAN v. A. DEVEREUX

Decided May 18, 1907.

**1.—Deed as Mortgage.**

A deed intended by the parties at the time of its execution as a mortgage can not be converted into a conveyance of the land by a subsequent oral agreement between the parties to that effect.

**2.—Same—Estoppel—Adjustment of Equities.**

Where the grantor in a deed, intended by the parties as a mortgage, permitted the grantee to take possession of the land, pay taxes and make improvements thereon and finally sell the same under an agreement that the grantee should have said land in satisfaction of the debt, such grantor is not estopped thereby from afterwards claiming the difference between the amount of the debt and the proceeds from the sale of the land. In a suit for such difference the grantee, or mortgagee, will be entitled to recover the taxes and other reasonable expenses incurred by him in the care and improvement of the property.

**3.—Mortgage—Conversion—Measure of Damage.**

In a suit for the conversion of mortgaged property the proper measure of damage is the difference between the value of the property at the time of conversion and the amount of the debt.

4.—Usury.

   A charge of $60 for the use of $500 for less than thirteen months is usurious where the highest legal rate of interest is ten percent per annum.

   Appeal from the District Court of Wise County. Tried below before Hon. J. W. Patterson.

   *R. E. Carswell,* for appellant.—The real litigated issue in the case was whether or not appellee had, by his agreement with appellant, to surrender the land in settlement of the debt, estopped himself from any further claims as to the land, without regard to whether he consented to the sale or not. The charge complained of excludes that issue and submits the case upon an immaterial one. Jordan v. Katz, 16 S. E. Rep., 866; Phelps v. Seely, 22 Grat. Rep., 573.

   *W. H. Bullock,* for appellee.

   STEPHENS, CHIEF JUSTICE.—This is appellant's second appeal. See Ullman v. Devereux, 93 S. W. Rep., 472. The case made on the last trial was not materially different from that made on the first, the nature of which is disclosed in the opinion above cited; and the result was practically the same.

   Appellant's first proposition is thus stated in his brief: "The real litigated issue in the case was whether or not appellee had, by his agreement with appellant to surrender the land in settlement of the debt, estopped himself from any further claims as to the land, without regard to whether he consented to the sale or not. The charge complained of excludes that issue and submits the case upon an immaterial one." That the deed to appellant was but a mortgage to secure a loan of five hundred dollars does not admit of any controversy. It is equally certain that it remained a mortgage, notwithstanding the subsequent oral agreement testified to by him that he was to take the land for the debt and interest thereon as specified in the note, which, by the undisputed evidence, was usurious. That the oral agreement relied upon by appellant was ineffectual, see Keller v. Kirby, 34 Texas Civ. App., 404, and cases there cited.

   This brings us to the question of the alleged "real litigated issue in the case"—the estoppel claimed by appellant; but we fail to find any evidence whatever of estoppel. This was only a suit for damages, in which appellee sought to recover the difference between the amount of the debt due appellant and the value of the land at the time appellant, treating it as his own, disposed of it; or the difference between said debt and the amount appellant had realized from the sale of the land. No reason is perceived why in such a suit appellant would not have an adequate remedy for the recovery of any sums of money he may have expended for taxes, improvements and the like on the faith of the oral agreement, especially since the aggregate of the sums alleged by him was less than the sum realized by him from the rent and sale of the land after deducting therefrom the amount of his original debt.

   The next proposition is that the measure of damages was the

difference between the amount of the debt and the value of the land at the time of the trial, in support of which Boothe v. Fiest, 80 Texas, 145, is cited. But in the course of the trial the date of the sale was treated as the proper time by both parties and in this we are inclined to agree with them rather than with the case cited, if it should be construed to announce a contrary rule. Besides, there is nothing in the record to suggest that appellant would have fared better if the rule now, for the first time, invoked had been applied.

The court did not err, as next assigned, in withdrawing the issue of usury from the jury, since sixty dollars for the use of five hundred for less than thirteen months was undoubtedly in excess of ten per cent per annum, the highest legal rate at the date of the loan.

The foregoing conclusions dispose of all the assignments except the fifth, which claims that the court should have given appellant's second special charge; but the court did not err in refusing this charge, because, if for no other reason, it would have instructed the jury to allow appellant the expenses incurred by him in selling the land through an agent whether the compensation paid the agent was reasonable or unreasonable, or whether the services of an agent were required at all. Judgment affirmed.

*Affirmed.*

Conner, Chief Justice, not sitting.

Writ of error refused.