## BLACK v. BURD et ux.

### No. 15408.

Court of Civil Appeals of Texas.
Fort Worth.
Feb. 6, 1953.

Rehearing Denied March 6, 1953.

Fred S. Dudley, of Fort Worth, for appellant.

Ernest May, of Fort Worth, for appellees.

RENFRO, Justice.

Suit was brought by J. R. Black, appellant, for a deficiency judgment. The appellees, C. W. Burd and wife, filed a cross-action. Trial was to a jury and, based upon certain jury findings, judgment was entered adverse to appellant, hence this appeal.

On January 31, 1950, appellee Burd executed a note payable to W. R. Frederick in the sum of $2,500, and executed a deed of trust to secure the payment of same on Lot No. 7, in Block No. 27, of Worth Heights Addition to the City of Fort Worth, said note payable in monthly installments of $40. On June 21, 1950, Burd executed a note payable to appellant Black in the sum of $2,000, payable $50 a month, beginning August 1, 1950, and executed a deed of trust on Lot No. 6, adjoining Lot No. 7.

On August 10, 1950, F. M. Bransford and George H. Trenary, trustees respectively in the above-mentioned deeds of trust, on instruction from appellant, gave notice of trustee's sales on the respective lots.

On September 5, 1950, the respective trustees sold said lots to appellant Black for a consideration of $1,000 each.

Eight days later, to-wit, on September 13, 1950, appellant brought suit against appellee Burd for the difference between the $2,000 credited by purchase at the trustee's sales and the amount of the notes executed by Burd. On October 11, 1950, appellee Burd filed an answer in which he alleged that the foreclosures under the deeds of trust were unlawful, inequitable and constituted a fraud upon the defendant, and by cross-action asked cancellation of any deed or deeds which might have been executed under said deeds of trust.

On October 24, 1950, notice of lis pendens was duly filed by appellee, as provided by

statute. Both parties filed additional pleadings, including a trial amendment by the appellee seeking to establish a trust relating to transactions between appellant and certain parties to be hereinafter mentioned.

The jury found, in effect, that the sales under the deeds of trust were prematurely made. The jury found that Lot 7 was worth $2,750 on September 5, 1950, and $5,000 at the date of trial; that Lot 6 was worth $3,000 on September 5, 1950, and $8,000 on the date of trial. The other issues are not material to the determination of the points brought forward.

Judgment was rendered by the court providing, in substance, that the purported trustee's sales were void, but finding that appellant Black had made certain improvements for which he should receive credit. Appellee was given the option of paying $6,955.39 into court and receiving from appellant certain vendor's lien notes against the property then held by appellant, or accepting a judgment against appellant Black in the sum of $1,352.41, being the value of said lots over and above the debt due to appellant Black by appellee Burd on September 5, 1950. In either event, he is required to execute quitclaim deeds of all interest in the lots to appellant Black.

It is shown that subsequent to the date the lis pendens notice was filed, appellant Black sold both lots, the consideration being partly by vendor's lien notes and partly cash.

The appellant, by points one and two, contends the judgment is void because appellant Black's grantees were not made parties to the suit. The conveyances by Black were made subsequent to the filing of crossaction by appellee and subsequent to his filing lis pendens notice.

 In 28 Tex.Jur., p. 330, it is stated in regard to lis pendens notice: "its ultimate effect is to prevent either party to the litigation from alienating the property in dispute, so as to affect the rights of his opponent. Under the rule one acquiring an interest in property from a party pending litigation in regard to it is bound by the result." And on page 341: " * * * it becomes apparent that one to whom the rule applies is not a necessary party to the suit or action and that he need not be made a party in order to be bound by the result of the litigation."

The Supreme Court held in Rio Bravo Oil Co. v. Hebert, 130 Tex. 1, 106 S.W.2d 242, 247, that " 'one who buys from a party to an action during its pendency * * * is a purchaser pendente lite, and a judgment ultimately rendered will not only affect him with notice of the adverse claim, but will bind him as will it a party to the record' ", citing Southern Rock Island Plow Co. v. Pitluk, 26 Tex.Civ.App. 327, 63 S.W. 354; Citizens State Bank v. Alexander, Tex.Civ.App., 274 S.W. 184. See also Hartel v. Dishman, 135 Tex. 600, 145 S.W.2d 865; Tide Water Associated Oil Co. v. Hammer, Tex.Civ.App., 163 S.W.2d 232, error refused; Maes v. Thomas, Tex. Civ.App., 140 S.W. 846, error refused; Hicks v. Porter, 38 Tex.Civ.App. 334, 85 S.W. 437; Mealy v. Lipp, 91 Tex. 182, 42 S.W. 544.

 The points of error are overruled. The appellant contends the finding in the judgment that the trustees' sales were premature, illegal and void was a conclusion of law. No objection was made to the issues submitted to the jury. The evidence shows that a payment was due on the Frederick note on August 1, 1950. Appellant made the payment for appellee on the 8th. The Frederick note was not transferred to appellant until August 23, 1950. The notices of sale were posted on August 10th. The evidence was conflicting as to the agreement concerning the repayment of the $40 payment to appellant on the Frederick note and as to whether they agreed that appellant would extend the time of payment of the installment on the Black note. The jury resolved the conflicts in favor of appellee.

██ ██ We have reviewed the record very carefully and have concluded that the verdict has sufficient support in the evidence. We are required, of course, to consider the evidence in the light most favorable to the findings. The finding in the judgment was based on the evidence and the jury finding and was not a mere conclusion

on the part of the court. The point of error is overruled.

The remaining points complain of recovery allowed appellee in the judgment. The judgment provided for appellee to pay $6,955.39 to the appellant, upon which payment the appellant would be required to deliver to appellee the promissory notes taken by appellant in the resale of the lots. If the appellee did not pay the above amount within thirty days, his recovery would be a judgment against appellant in the amount of $1,352.41, being the value of the lots over and above the mortgage debt owing by him to appellant on September 5, 1950.

The cross-action for rescission of the trustees' deeds gave the court jurisdiction for all purposes and under the prayer for general relief in law and equity, such relief as the facts warranted should be granted. Wright v. Chandler, Tex.Civ. App., 173 S.W. 1173.

The appellant and his grantees were entitled to possession against appellee until the debt was paid. Jasper State Bank v. Braswell, 130 Tex. 549, 111 S.W.2d 1079, 115 A.L.R. 329.

Appellee was under the obligation of paying the debt before he was entitled to recover the land, but he has not appealed from the judgment denying him recovery of the land. Under either alternative in the judgment, as decreed by the court, the grantees of appellant are allowed to retain the property, although they were not innocent purchasers, and the appellant is assured of payment of his debt. Under the first alternative, as decreed, he would receive the amount of his debt and the value of the improvements placed upon the property, although such improvements were made subsequent to the time he bought the property in at the wrongful sale. Under the other alternative, the appellee is restricted to a recovery amounting to the difference between the debt he owed appellant and the value of the property at the time it was wrongfully sold.

"The law undertakes to award just compensation—no more and no less—for the injuries sustained; and, in awarding damages for an injury, that rule should be followed which will best afford just compensation for the pecuniary loss sustained and place the injured party as nearly as possible in the same position that he would have occupied had the injury not been inflicted." John Hancock Mut. Life Ins. Co. v. Howard, Tex.Civ.App., 85 S.W.2d 986, 989.

The above case discusses the rule that where a mortgagee makes an unauthorized sale, he is liable in damages for the value of the land at the time of the sale, less the value of the mortgage debt, and acknowledges the correctness of the rule where title has, by means of illegal sale, passed into the hands of a third party, and particularly if the third party purchased in good faith for value received and without notice, citing Boothe v. Feist, 80 Tex. 141, 15 S.W. 799; Ullman v. Devereux, 46 Tex. Civ.App. 459, 102 S.W. 1163; Id., Tex.Civ. App., 93 S.W. 472; Reilly v. Cullen, 101 Mo.App. 32, 74 S.W. 370; Stansberry v. McDowell, Mo.App., 186 S.W. 757, par. 5; Rogers v. Barnes, 169 Mass. 179, 47 N.E. 602, 38 L.R.A. 145.

Although appellant's grantees did not purchase without notice, the judgment as rendered does not disturb their possession. Only the appellee could object to said judgment on that account and he has not appealed. The grantor took possession and, in spite of a cross-action by appellee and lis pendens notice on record, sold the lots to third parties, receiving cash and notes as consideration.

Under the circumstances, we think the trial court properly allowed recovery of the difference between the mortgage debt and the value of the land at the time of the sale, on the theory that the appellant has committed a wrong somewhat similar to the conversion of personal property. John Hancock Mut. Life Ins. Co. v. Howard, supra; Maupin v. Chaney, 139 Tex. 426, 163 S.W.2d 380; Ullman v. Devereux, 46 Tex.Civ.App. 459, 102 S.W. 1163. Depending on the circumstances, the court may enter a decree for the value of

the land, even though it has not been conveyed to an innocent third party. Brewster v. Terry, 352 Mo. 967, 180 S.W.2d 600.

 Where the record shows, as it does here, that the appellant under the pretense of a sale under the power given in the deeds of trust, in satisfaction of the debt has acquired possession of the mortgaged property and appropriated it to his own use and benefit, it would be inequitable to allow him the full amount of his debt without allowing a proper credit for the value of the property so appropriated.

Under the circumstances of this case, it was not error for the court to allow appellee the difference between the mortgage debt and the value of the land over and above said debt at the time the appellant took possession and appropriated it to his own use. Maupin v. Chaney, supra; 59 C.J.S., Mortgages, § 603, p. 1070.

 Generally, alternative provisions in a judgment are not favored. In a case where such relief is appropriate, the judgment may be in the alternative. 25 Tex. Jur., p. 457.

 We believe this to be a case where the court was justified in granting appellee alternative relief. Although the jury found, and the judgment decreed, that appellee's property had been wrongfully sold, appellee by the first alternative had imposed upon him the onerous burden of raising within thirty days $6,955.39, to pay appellant his debt and the value of his improvements and would receive from appellant nothing but the notes held by appellant from his grantees. Appellee still, under the terms of the judgment, would not regain the land.

In view of the circumstances, we think the equitable relief provided in the judgment placed an onerous burden upon appellee and the court rightly decreed that if he did not or could not pay the $6,955.39, he had the right to judgment against appellant for the difference between the value of the land on the date of its wrongful sale and the amount of the mortgage debt. Under Rule 301, Texas Rules of Civil Procedure, appellee was entitled to all the relief

to which he was entitled either in law or equity. In view of the jury findings, appellant cannot be harmed by the judgment rendered. The judgment allowed his grantees to remain in possession, even though they are not innocent purchasers for value and appellant is given full payment for his debt and although, as heretofore stated, improvements were made after he wrongfully obtained the property, the judgment allowed him reimbursement for said improvements.

Judgment of the trial court is affirmed.