Donald NEWTON et al., Appellants,

v.

Robert L. MALLORY and Jon Michael Franks, Appellees.

No. 20290.

Court of Civil Appeals of Texas, Dallas.

June 3, 1980.

Reid A. Rector, Erhard, Cox, Ruebel & Rector, Dallas, for appellants.

James W. Rainey, Jr., Irving, for appellees.

Before GUITTARD, C. J., and CARVER and HUMPHREYS, JJ.

CARVER, Justice.

This is an appeal from an instructed verdict that appellants take nothing against the appellees on a cause of action for damages suffered by some, but not all, of the general partners in a land venture. The partnership's trustee and manager had al-

legedly failed to give the complaining partners notice of the partnership's default on a vendor's lien note and a scheduled foreclosure sale which ended the venture. The measure of damage sought by each complaining partner was his cumulative prior contribution to the partnership. No other measure was pleaded or proved. We affirm the instructed verdict that appellants take nothing because the appellants failed to plead or prove the *value* of the land they *lost*, which is the proper measure of damage, even if they proved the appellees' liability for the loss.

The record reflects that fifteen partners organized "Irving-Beltline Associates" in March 1974 and acquired, in the name of the trustee, a tract of land on credit from one of their own partners. The credit extended, reflected in a vendor's lien note, was in the amount of $196,945.21, payable in 17 annual installments. The note, including interest at 8%, was secured by a vendor's lien and deed of trust and was without personal liability. The partners each agreed to contribute their pro rata share of the annual installment on the note as well as their pro rata share of other costs, expenses, and fees necessary to the partnership's purposes. The partnership agreement named the appellees as manager and as trustee, respectively, and provided, in part, as follows:

DEFAULT OF AN INVESTING PARTNER. As heretofore mentioned in paragraph VII, the partners shall be responsible for subsequent contributions which will become due during the term of this partnership. The manager and trustee shall notify each partner of the dates and amount of his obligation in writing at least sixty (60) days prior to each due date.

The trustee was unable to make payment of the second installment due on the note on April 1, 1976, because some of the partners failed to make their agreed contribution. In July 1976, the holder of the note (also a partner) sent the trustee a letter reciting the default, giving 15 days to pay, and giving notice of a foreclosure sale on September 7, 1976, if the note was not paid.

The sale was actually conducted in October 1976 after a postponement. The appellants asserted that the manager and the trustee each failed to send them notice of the note holder's demand and possible foreclosure and that, as a result, the foreclosure took place and the appellants were deprived of the benefit of their interest in the land. Each partner suing asserted that his damage should be measured by his *cumulative prior contributions to the partnership*. The factual issues as to liability were hotly contested. When both parties rested, the appellees moved for an instructed verdict on the grounds that the appellants had neither pled or proven a lawful measure of damages even if liability had been established. The trial court sustained this motion and denied all relief.

On appeal, appellants argue that a "return of contributions" is a proper measure of damages. Appellants rely on *Klindworth v. O'Connor*, 240 S.W.2d 470 (Tex.Civ. App.—Dallas 1951, writ ref'd n.r.e.) where this court held that "compensation for injury, loss or prejudice is the end which ordinarily is sought to be accomplished by an awarding of damages, whether for breach of contract or for a tort" and, appellants then reason, that the recovery of their individual investment in the venture is the appropriate "compensation." 240 S.W.2d at 475. We adhere to the rule in *Klindworth* but we cannot agree with appellants' conclusion that "contributions" is the appropriate "compensation" under *Klindworth*. The "injury, loss or prejudice" claimed by the appellants as a result of the failure of the trustee and manager to give them notice, was the loss of the *land* by foreclosure. Compensation is to be measured by the *value* of what was *lost*. The value of the land lost is the fair market value of the land at the time of foreclosure, less the indebtedness due thereon. While we have found no authority reflecting our particular facts, in *League City State Bank v. Mares*, 427 S.W.2d 336 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.), and *Black v. Burd*, 255 S.W.2d 553 (Tex.Civ. App.—Fort Worth 1953, writ ref'd n.r.e.),

the cause of action under consideration was wrongful foreclosure by a mortgagee. In each case the appropriate measure of damage was held to be what was *lost*, that is, the value of the land at the time of foreclosure less the mortgage indebtedness. We reason from these authorities that a trustee and manager should respond by the same measure of damages, if their want of notice caused a foreclosure, as a mortgagee responds if he wrongfully conducts a foreclosure.

The parties before us do not raise or discuss whether any distinction need be made between the *partnership* and the *partners* as to the proper party to prosecute the cause of action against the appellees. The record reflects that the partnership had only a limited purpose of buying and holding one piece of property. No business operation by the partnership was contemplated. All the partners were general partners with equal rights and obligations with only a slight variation in percentage of ownership between the fifteen general partners. Whatever befell the partnership and its property, also befell each partner in his appropriate percentage of ownership. In this state of the record and in the absence of any challenge as to who may prosecute the cause of action, we hold that the measure of damages to each partner for want of notice to him of default and foreclosure on the partnership land is that partner's percentage of interest in the partnership applied to the fair market value of the land lost at the time of the foreclosure, less any mortgage indebtedness.

At the time that the parties rested, there was no evidence before the court and jury that would support an answer in any amount under the measure of damage which we have held was appropriate to appellant's cause of action. Consequently, we hold that the trial court did not err in instructing a verdict in favor of the appellees.

Affirmed.