Reversed and Remanded and Opinion filed January 17, 2008








Reversed
and Remanded and Opinion filed January 17, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00833-CV

____________

 

WORLD SAVINGS BANK, F.S.B., Appellant

 

V.

 

CAROL GANTT, Appellee

 



 

On Appeal from the 309th
District Court

Harris County, Texas

Trial Court Cause No. 03-48423

 



 

O P I N I O N

Appellant, World Savings Bank, F.S.B. (Athe Bank@), appeals a
summary judgment in favor of appellee, Carol Gantt.  The Bank raises two issues
on appeal.  First, the Bank claims the trial court erred in granting Carol=s summary judgment
and finding the Bank=s mortgage subject to a canceled lis
pendens.  Second, the Bank claims it conclusively established its status as a
bona fide lender/mortgagee and, therefore, the trial court erred in denying its
summary judgment.  We reverse and remand.








Factual and Procedural Background

In April 1995, Jerry Gantt sued Carol Gantt for divorce. 
While still married to Carol, Jerry bought his mistress, Janice Lisa Foster, a
home located in Houston (Athe Property@).  Title to the
Property was held in Foster=s name.  During the divorce, Carol alleged
Jerry had fraudulently transferred the Property to Foster using community
assets of the marital estate.  Because of the dispute over the Property, Carol
filed a lis pendens notice on February 15, 1996, and she filed a second lis
pendens notice on March 20, 1996.  Both notices stated that title to the
Property appeared in the name of Foster and that title and ownership was in
dispute.  The notices also stated the name, address, and phone number of Carol=s attorney in case
people wanted to obtain additional information.  Both lis pendens notices were
properly recorded in the Harris County real property records.

On June 20, 1996, trial in the divorce action between Jerry
and Carol commenced, and on October 30, 1996, the trial court rendered a
Modified Final Judgment and Decree of Divorce dismissing all of Carol=s claims against
Foster concerning the Property.  The trial court stated A[a]s to Janice
Lisa Foster. . . any action causes (sic) brought against [her] in this matter
are dismissed with prejudice.@  On motion by Foster, the trial judge
signed a cancellation order on November 5, 1996, cancelling the two lis pendens
notices previously filed by Carol.  The cancellation order was properly filed
in the Harris County real property records on December 5, 1996.  The order
provided the following: 

The Court took notice of its file which shows that the Court has signed
a final decree in this cause not involving title to the real estate described
in the Lis Pendens and further described below.  The final decree signed
previously, and the final decree signed on or about October 30, 1996, dismisses
all causes of action against JANICE LISA FOSTER, the fee simple owner of the
below described real property, with prejudice.  The Court is therefore of the
opinion that the Lis Pendens should be cancelled.








After the trial court=s judgment, Carol
filed a Motion for Clarification of Judgment, Motion for New Trial (Restated),
Motion for Severance, and Request for Rehearing on Motion to Cancel Lis
Pendens, which the court denied on June 4, 1997.  Carol then properly perfected
her appeal of the Modified Final Judgment and Decree of Divorce, and the appeal
was transferred to the Thirteenth District Court of Appeals.  Carol did not
file an appeal of the cancellation order of the lis pendens nor did she file a
stay or supersedes bond.

On August 12, 1999, the Thirteenth District Court of
Appeals rendered a decision in Carol=s appeal.  The
appellate court held the trial court erred by not submitting Carol=s civil conspiracy
cause of action against Foster.  The court reversed the judgment of the trial
court to Carol=s claims against Foster and remanded that particular
claim for trial.

Approximately five months after the court of appeals= decision, on
January 6, 2000, Jerry and Foster, who were married at this time, went to the
Bank and obtained a mortgage on the Property, secured by a deed of trust. 
Chicago Title Insurance Company (AChicago Title@) issued a title
policy to the Bank.  The policy issued by Chicago Title did not reflect the
Property was encumbered by any lis pendens claims by Carol.  The Bank and
Chicago Title relied on the cancellation order signed by the court, and neither
contacted Carol=s attorney for additional information.

Due to the Thirteenth Court=s opinion
requiring a remand, the Gantt divorce was tried once again, and on September 9,
2002, the trial court found AJerry Gantt fraudulently transferred the
[Property] to Lisa Foster.@  The court stated the following:

It is further ORDERED ADJUDGED AND DECREED that the transfer of the AProperty@ (defined herein as the house and
real property located at 428 West 34th Street, Houston, Texas) to Lisa Foster
Gantt by deed dated April 4, 1991, is null and void as to the former community
estate of Jerry and Carol Gantt.  

The
trial court granted Carol a money judgment against both Jerry and Foster and
ordered that she could levy execution of the judgments against the Property.








Accordingly, in October 2003, the trial court appointed Ray
Lemmon as a Receiver to sell the Property.  Lemmon entered into a contract to
sell the Property for $340,000, and the trial court confirmed the sale on
November 2, 2004.  Carol received a final account on November 24, 2004, and
learned Lemmon used $210,352.58 of the proceeds from the sale to pay off the
Bank for the mortgage on the Property.  Carol objected to this payment claiming
the Bank had no right to any proceeds from the sale of the Property because the
conveyance of the Property to Foster had been deemed null and void.

On December 28, 2004, Carol requested a show cause hearing
requiring the Bank to appear in court to determine whether it should be held in
contempt for refusing to return the money to Carol.  That same day, Carol filed
a Supplemental Amended Petition and Application for Temporary Injunction and
Permanent Injunction adding the Bank as a party.  Carol alleged a cause of
action for trespass to try title.  On May 16, 2005, Carol filed a Motion for
Summary Judgment claiming the Bank issued the mortgage subject to two lis
pendens notices and the reversal of the trial court by the Thirteenth Court of
Appeals.  In response, the Bank filed a competing Motion for Summary Judgment
arguing the trial judge entered a cancellation notice regarding the two lis
pendens and raising the affirmative defenses of bona fide lender/mortgagee and
estoppel.

The trial court granted Carol=s summary judgment
and ordered the Bank to pay Carol the $210,352.58 it received from the sale of
the Property.  The Bank appealed the judgment, but the judgment was
interlocutory since the trial court had not yet addressed the claims against
Jerry, Foster, and Lemmon.  Accordingly, the Bank obtained a severance of its
claims, and filed an Amended Notice of Appeal from the Summary Judgment in the
severed cause.

Discussion

A.      Standard
of Review








Under the traditional summary judgment standard of review,
a movant has the burden to show at the trial level that there are no genuine
issues of material fact, and he is entitled to judgment as a matter of law.  KPMG
Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex.
1999).  In determining whether there is a genuine fact issue precluding summary
judgment, evidence favorable to the non-movant is taken as true and we make all
reasonable inferences in his favor.  Id.  We review the trial court=s summary judgment
de novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex.
2005).  A movant is entitled to summary judgment only if he conclusively proves
all essential elements of his claim.  Johnston v. Crook, 93 S.W.3d 263,
273 (Tex. App.CHouston [14th Dist.] 2002, pet. denied) (citing MMP,
Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986)).  

When both parties move for summary judgment, each party
bears the burden of establishing that it is entitled to judgment as a matter of
law.  City of Garland v. Dallas Morning News, 22 S.W.3d 351, 356 (Tex.
2000).  When the trial court grants one motion and denies the other[1],
we review the summary judgment evidence presented by both parties and determine
all questions presented.  Id.  The reviewing court should render the
judgment that the trial court should have rendered or reverse and remand if
neither party has met its summary judgment burden.  Id.

B.      Did the Trial Court Err in Granting Carol=s Motion for
Summary Judgment?

In its first
issue, the Bank argues it was entitled to rely on an order from the trial court
cancelling the lis pendens because nothing else in the chain of title indicated
a continuing dispute over the title.  The Bank argues the cancelled lis pendens
was not effective to impute notice to it, despite the appellate court=s reversal of the
case, because Carol did nothing further to provide notice of her appeal.








Carol argues the
trial court did not err because the Bank failed to ensure the validity of the
title by checking the real property records against the referenced court
records.  Carol claims because of the existence of the lis pendens notices, the
rights of the Bank are derivative of Jerry and Foster, therefore, the Bank
acquired no better title than Jerry or Foster.  Furthermore, Carol argues the
Bank had both actual and constructive notice of the lis pendens and the
continuing litigation.  

1.       Analysis

Under the Texas
Property Code Section 12.007, a party to an action involving title to real
property may file a lis pendens notice with the county clerk where the property
is located.  See Tex. Prop. Code Ann. ' 12.007(a) (Vernon
1984).  A lis pendens= ultimate effect is to prevent either
party to the litigation from alienating the property in dispute, so as to
affect the rights of his opponent.  Black v. Burd, 255 S.W.2d 553, 555
(Tex. Civ. App.CFort Worth 1953, writ ref=d n.r.e.)).  Under
the rule, one acquiring an interest in property from a party pending litigation
in regard to it is bound by the result.  Id.  One who buys from a party
to an action during its pendency is a purchaser pendente lite, and a judgment
ultimately rendered will not only affect him with notice of the adverse claim,
but will bind him as will it a party to the record.  Rio Bravo Oil Co. v.
Herbert, 106 S.W.2d 242, 247 (Tex. 1937).  A filed lis pendens is
constructive notice of the underlying lawsuit, and a prospective buyer is on
notice that he acquires any interest subject to the outcome of the pending
litigation.  Gene Hill Equip. Co. v. Merryman, 771 S.W.2d 207, 209 (Tex.
App.CAustin 1989, no
writ).

However, this case
is not as simple as a filed lis pendens notice.  In this case, the trial court
ordered a cancellation of both lis pendens notices, and the order was filed in
the Harris County real property records.  The Bank then relied on the
cancellation order without any further inquiry and granted a mortgage on the
Property, which was still the subject of ongoing litigation.  The Bank now
argues it should be allowed to rely on the cancellation order filed in the
records because Carol failed to provide any further notice of her appeal.








Neither of the
parties cite to any Texas law pertaining to this particular circumstance. 
After our own independent research, we were also unable to find any Texas law
regarding this specific issue; therefore, we must rely on the law of other
Texas cases we find persuasive.  

We believe the
ultimate issue in this case centers around the question of actual notice. 
Under Texas law, a person is charged with a duty to inquire when that person
searches the real property records and any description, recital of fact,
reference to other documents, or any other disclosure suggests that as a matter
of prudence further inquiry would disclose the real situation.  See Westland
Oil Dev. Corp. v. Gulf Oil Corp., 637 S.W.2d 903, 908 (Tex. 1982) (holding
that a reference to a 1968 operating agreement in an assignment charged a third
party with the duty of inspecting the agreement); Housman v. Horn, 157
S.W. 1172, 1173B74 (Tex. Civ. App.CDallas 1913, no
writ) (holding a deed which obligated one party to pay certain negotiable notes
charged that party with a duty to inspect the notes and held that party
responsible for all recitals in the notes).   

          Furthermore,
the facts in Hexter v. Pratt are similar to the facts in our case, and
in Hexter the court used similar language regarding the concept of
inquiry and actual notice.  Hexter v. Pratt, 283 S.W. 653, 654B59 (Tex. Civ. App.CDallas 1926), aff=d, 10 S.W.2d 692
(Tex. Comm=n App. 1928, judgm=t adopted).  We
find Hexter persuasive.








In Hexter,
Tennie Pratt held title to the property in controversy.  Id. at 654. 
Clarence Pratt claimed title to the property and filed a lis pendens in the
real property records.  Id.  The trial court ordered the case dismissed
for want of prosecution on July 28, 1919.  Id. at 657.  On
November 19, 1919, Tennie sought a loan from J. K. Hexter.  Id.  In
negotiating the loan, Tennie gave Hexter an abstract of title which contained a
copy of the lis pendens filed on each lot by Clarence and the order of dismissal
by the trial court.  Id. at 658.  Hexter gave the abstract to his
attorney who examined them and reported back.  Id.  The attorney and
Hexter relied upon the order of dismissal to terminate the effect of the lis
pendens, and Hexter gave Tennie the loan secured by a deed of trust on November
21, 1919.  Id.   On November 4, 1920, Clarence filed a motion to set
aside the order of dismissal and reinstate the causes of action, which the
trial court granted on November 16, 1920.  Id. at 654B55.  

On January 17,
1922, Hexter filed suit against both Tennie and Clarence to recover on the note
and sought to foreclose on the land pursuant to the deed of trust.  Id.
at 655.  In his answer, Clarence argued he was the owner of the lots Hexter
sought to foreclose, and he argued Hexter had actual notice of his claim of
title, therefore, Hexter was not an innocent lienholder for value.  Id. 
Clarence further argued whatever rights Hexter acquired were those of a lis
pendens creditor since the order of dismissal was void.  Id.  In
response, Hexter argued he was a lien creditor for value and without notice of
the claim of title by Clarence.  Id.  Hexter also argued the suits had
been properly dismissed and the effect was the destruction of the lis pendens
at the time he obtained the deed of trust.   Id.    








The trial court
determined Hexter had actual notice of Clarence=s claim of title
and refused to allow the foreclosure.  Id. at 654.  Hexter appealed and
the Dallas Court of Appeals affirmed the trial court.  Id. at 659.  The
Dallas court only addressed one issue: Whether Hexter, before and at the time
of the execution of the deed of trust in question, had actual knowledge of the
existence of the facts constituting the claim of title asserted by Clarence or
knowledge of such facts in reference to such claim sufficient to put a
reasonably prudent man upon inquiry, which if pursued, would have disclosed to
him the existence of the claim.  Id. at 655.  The court held that Aalthough the lis
pendens filed by [Clarence] had by reason of the dismissal of the consolidated
suit ceased to be of effect as a lis pendens, as against the rights of [Hexter]
acquired in the lots after [the] order of dismissal had been entered and before
[the] cause was reinstated, knowledge of the contents of [the] lis pendens and
the other recitals of fact in [the] abstract was sufficient to constitute
actual notice of the existence of the facts constituting [Clarence=s] claim of title.@  Id. at
659.  The Court went on to say the filed lis pendens did not constitute
constructive notice because of the dismissal order, but it did constitute
actual notice because the facts stated in the lis pendens were undoubtedly
sufficient to put Hexter on inquiry, and if such inquiry had been pursued,
Hexter might have ascertained full knowledge of all the facts.  Id. at
658.

This case was
ultimately appealed to the Commission of Appeals of Texas, Section B, and that
court affirmed the Dallas court=s decision.  Hexter, 10 S.W.2d at
694.  The Commission determined no effort was made by the attorney nor by
Hexter to inquire into the facts constituting the claim of Clarence; therefore,
Hexter was not an innocent purchaser for value because he had notice of such
facts as by the use of reasonable diligence he could have ascertained the
extent of the claim and the rights of Clarence.  Id. at 693.   

As stated above,
we believe the ultimate issue in this case is whether the Bank had notice of
such facts as by the use of reasonable diligence it could have ascertained the
extent of claims and rights of Carol.  Essentially, it must be determined
whether the Bank can be charged with a duty to inquire and actual knowledge of
the reversal by the Thirteenth Court of Appeals and the continuing dispute over
the Property between Carol, Jerry, and Foster. 








Carol argues the
Bank had actual notice[2]
of the claims despite the cancellation order because of the two previously
filed lis pendens notices and the reversal by the Thirteenth Court of Appeals. 
Carol essentially argues the Bank was aware of the two previously filed lis
pendens and chose not to inquire any further.  However, it is unclear in the
record exactly what documents and information the Bank had available when
determining whether to grant Jerry and Foster the mortgage.  The Bank states in
its brief it retained Chicago Title in connection with the mortgage, and the
policy issued by Chicago Title did not reflect the fact the Property was
encumbered by any lis pendens.  After reviewing the title policy included in
the record, it contains nothing regarding the lis pendens filed on the property
nor anything regarding the cancellation order.  The Bank also states as far as
it knew, the lis pendens claims had been cancelled by order of the court. 
Robert Lechtenberg, a representative for the Bank, testified during a
deposition that the Bank reviewed a preliminary title commitment produced by
Chicago Title in connection with making the mortgage loan.  Lechtenberg
testified there were no references to any encumbrances on the preliminary title
commitment that would have impaired the ability of the Bank to go forward with
the mortgage.  Lechtenberg also testified the Bank was not apprised of any
notice of lis pendens on the property, and had it been apprised of such it
would have contacted the title company to clear up the situation.  Lechtenberg
testified the Bank made no inquiry beyond the preliminary title commitment;
however, this document is not included in the record, so we are unable to
determine exactly what the preliminary report said regarding the lis pendens or
the cancellation of the lis pendens.  After reviewing the record and the
briefs, it appears the Bank had some notice regarding the cancellation of the
lis pendens, but it is unclear exactly what the Bank reviewed. 

Actual notice is a
question of fact.  Id. at 693.  Because of the conflicting evidence in
this record, there is a genuine issue of material fact regarding what
information and documents the Bank reviewed when granting the mortgage.  Under
this record, we cannot say Carol met her burden of proving as a matter of law
the Bank was aware of enough facts to put a reasonably prudent man on inquiry. 
We believe this is a question for the jury.  Therefore, we sustain the Bank=s first issue and
hold the trial court erred in granting Carol=s motion for
summary judgment. 

C.      Did the Trial Court Err in Denying The Bank=s Motion for
Summary Judgment? In its second issue, the Bank argues the trial court erred
in denying its motion for 

summary judgment
because the record conclusively establishes the Bank is a bona fide
lender/mortgagee.  Carol responds to this argument by claiming the Bank cannot
be considered a bona fide lender/mortgagee because it had notice of the lis
pendens filed.

 








1.       Analysis

Status as a bona
fide lender/mortgagee is obtained if the lender/mortgagee obtained an interest
in the property in good faith, for value and without notice of the claim or
interest of a third party.  Houston First Am. Sav. v. Musick, 650 S.W.2d
764, 769 (Tex. 1983).  This point of error once again revolves around the
central issue of actual notice.  According to the discussion above, there is a
genuine issue of material fact regarding whether the Bank can be charged with
the duty to inquire and actual notice of Carol=s claims. 
Therefore, we overrule the Bank=s second issue and hold the trial court
did not err in denying the Bank=s motion for summary judgment.

Conclusion

We reverse the
trial court=s decision granting Carol=s summary judgment
motion and affirm the trial court=s decision denying
the Bank=s summary judgment
motion.  Because neither party has met its summary judgment burden, we reverse
and remand for further proceedings consistent with this opinion.

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Opinion filed January 17, 2008.

Panel consists of
Justices Yates and Anderson, and Senior Justice Sears*.  









[1]  There is not an order by the trial judge specifically
denying the Bank=s summary judgment motion; however, we determine the
Bank=s summary judgment was implicitly denied when the
trial court issued an order granting Carol=s
summary judgment.  See Tex. R. App. P. 33.1(a)(2)(A).  The Bank=s motion for summary judgment was filed in conjunction
with its response to Carol=s summary
judgment.  The trial judge=s order
granting Carol=s summary judgment reads as follows: AAfter considering Carol Gantt=s Motion for Summary Judgment, the pleadings, the
response, the affidavits, and other evidence on file, the Court GRANTS
Plaintiff, Carol Gantt=s, Motion for Summary Judgment.@  This language sufficiently states the trial court
considered the Bank=s motion and impliedly denied it.  





[2]  Carol also argues the Bank had constructive
knowledge of the previously filed lis pendens simply by virtue of the fact they
were filed in the public records.  While this is generally the rule regarding
constructive notice, we find Hexter persuasive in this regard as well.  See
Hexter, 283 S.W. at 658.  In Hexter, the court determined the trial
court=s dismissal order terminated the effect of the lis
pendens and, therefore, the record did not show constructive notice to Hexter. 
Id. at 657B58.  We find the same reasoning  applicable in this
situation.  The cancellation order filed in the public records negates the
possibility of constructive notice.  See id. at 658.   





*  Senior Justice Ross A. Sears sitting by assignment